THOMAS SNELL et al., Appellants, v. A. C. MESERVY et al.

Service by Publication: Affidavit. An affidavit was made that personal service could not be made on defendants within the state. The petition was filed the day after said affidavit was verified. *Held* the effect of this affidavit is prospective. It is not limited to the day of verification, and covers the whole prescribed period for service for the term of court intended for the suit.

*Appeal from Hardin District Court.*—HON. D. R. HINDMAN, Judge.

TUESDAY, MAY 22, 1894.

IN OCTOBER, 1890, a suit for the partition of real estate was pending in Hardin county, in which the defendant, A. C. Meservy, was plaintiff and these plaintiffs were defendants, in which a decree for partition was entered upon default, and the premises sold in pursuance thereof. In that case, the service of the original notice was by publication upon an affidavit for publication as follows:

"I, A. N. Botsford, do say on oath that personal service of the notice in the cause pending in the district court of Hardin county, entitled A. C. Meservy *v.* Thomas Snell, Richard Snell, and B. F. Lindlay, can not be made in the state of Iowa upon the defendants Thomas Snell and Richard Snell, as they are nonresidents of the state of Iowa; and the Eldora *Ledger* is designated as the proper medium through which to make publication of the service upon said defendants.

"A. N. BOTSFORD.

"Sworn before me, and subscribed in my presence, by the said A. N. Botsford, August 27, 1890.

"D. J. HAINES,
"Clerk of the District Court of Webster County, Iowa."

The original notice was placed in the hands of the sheriff on the first day of September, 1890, and the first publication was on the fourth of the same month. We understand the petition to have been filed on the twenty-eighth day of August, 1890. A petition reciting these, with other, facts was filed in this case, with a prayer that the decree and sale thereunder in the former case be set aside, and the title to the premises be quieted in the plaintiff. The district court sustained a demurrer to the petition, and from the order the plaintiff appealed.—*Affirmed.*

*Barcroft & McCaughn* for appellants.

*C. E. Albrook* for appellees.

GRANGER, C. J.—The claim of appellants is that the petition is an affirmative showing that the court in the former case was without jurisdiction, because the affidavit did not show the facts to justify a service by publication at the time the suit was commenced or the publication made. The statute provides that service by publication may be made in such a case "when an affidavit is filed that personal service can not be made on the defendant within this state." Code, section 2618. The affidavit was made on the twenty-seventh day of August, 1890; the petition was filed the next day; the first publication of the notice was had on September 4, and the last, September 8, 1890. The argument is that, conceding either the filing of the petition or the first or the last publication of the notice to be the commencement of the action, and still it does not appear, that, at the time the suit was commenced, but that personal service could have been had within the state. It will be seen, by reference to the affidavit, that it states that personal service "can not be made in the state of Iowa upon the defendants * * *, as they are nonresidents of the state of Iowa." The thought of appellants seems to be that the law does not give to such an affidavit any prospective force or effect, but limits its effect to the present. Our view of the law is different. We think the legal effect of the affidavit is to cover the period for making the contemplated service under the forms prescribed by law. The affidavit must certainly precede the service, for its purpose is to make such a service legal. It would be an unwarranted construction of the law as to service by publication to say that the legislative intent was to permit such a service, merely, because, on a particular day, personal service in the state could not be had, but we think it does meet such intent to say that the absence of the defendant must be such, in legal contemplation, that at no time within

the prescribed period for service for the particular term of court intended could such a service be made. To illustrate: A desires to bring suit in the next ensuing term of court against B, on whom personal service can not be had within the state; A files his affidavit of the fact, which is founded on the nonresidence of B, or on any other fact that leads him to the belief that such a service can not be had,—for, in the nature of things, it can only be a belief,—and upon that affidavit he is entitled to make a substituted service by publication. Now, the proper and legal construction of the affidavit is that a personal service can not be had for the term, not merely that it can not be had on the day the affidavit is made or filed. When the affidavit is filed, the law so far assumes its statements to be true that it permits a substituted service. There is nothing in the law requiring the suit to have been commenced when the affidavit is made, either by the filing of the petition or a service of any kind. It is true that the affidavit in that case refers to a suit pending in Hardin county when technically there was none pending, but the suit was pending in so far as one could be, when the affidavit was filed so as to have any effect. It was made to file in the case, and it became operative at the time of filing. The law does not presume a change of such facts between the time of making and filing such an affidavit. We think the district court rightfully sustained the demurrer, and its judgment is AFFIRMED.