LUCY A. SPRAGUE v. DELAVAN G. SPRAGUE.

July 28, 1898.

Nos. 11,139—(230).

**Action for Divorce at Domicile of Parties—Decree for Alimony—In Action for Alimony Presumption that Court Had Jurisdiction of Husband's Property in Former Action.**

A husband brought an action for divorce in the county of his domicile, in this state, and caused copies of the summons and complaint to be personally served upon the defendant wife while she was temporarily sojourning in another state; her actual domicile being that of her husband. The wife failed to appear or answer, and practically consented to the proceeding. In due time the cause was tried, and the court filed findings of fact with its conclusions of law and order for judgment. Among the facts found was one as to the value of the plaintiff's real and personal property, and in its order for judgment the court awarded to defendant alimony in a certain sum, to be paid by plaintiff to her. Judgment was thereupon entered absolutely divorcing the parties, and for alimony, and this judgment is still in full force and effect. *Held*, there being no allegations to the contrary in the complaint in an action for alimony subsequently brought by the former wife against the former husband, that the presumption is that all of the husband's property was within the jurisdiction of the court in which the divorce proceedings were instituted.

**Same—Jurisdiction to Award Alimony.**

This being the presumption, it is *held* that the court had jurisdiction over such property, and for that reason could, under our statutes, award and decree alimony to defendant wife.

**Same—Res Judicata.**

Judgment for alimony having been entered in the divorce proceeding, the question is res judicata between the parties, and the defendant in that action cannot now maintain an independent action to recover alimony.

**Thurston v. Thurston Distinguished.**

The distinction on the facts between this case and that of Thurston v. Thurston, 58 Minn. 279, pointed out.

Action in the district court for Houston county to recover permanent alimony. Defendant demurred to the complaint on all of

the statutory grounds, except a defect of parties, and from an order, Whytock, J., sustaining the demurrer, plaintiff appealed. Affirmed.

*Duxbury & Duxbury*, for appellant.

So far as the judgment in the action for divorce attempted to adjudicate upon the property rights of the parties, it was void for want of jurisdiction in the court to adjudicate upon that subject, since the complaint contained no prayer for such relief. See Hoh v. Hoh, 84 Wis. 378; 3 Wait, Pr. 536, 606; Simonson v. Blake, 12 Abb. Pr. 331; Walton v. Walton, 20 How. Pr. 347; Hurd v. Leavenworth, 1 Code R. (N. S.) 278; Bullwinker v. Ryker, 12 Abb. Pr. 311. The court never acquired jurisdiction of the property rights of appellant in the action for divorce brought against her. At no time, either when the action was commenced, or when decided, was she within the limits of the state, neither was the process served on her within such limits. She did not answer or demur. See U. S. v. Arredondo, 6 Pet. 691; Pennoyer v. Neff, 95 U. S. 714; Lydiard v. Chute, 45 Minn. 277; McKinny v. Collins, 88 N. Y. 216.

It is settled in this state that the wife can maintain an action for alimony, though the parties are already divorced. Thurston v. Thurston, 58 Minn. 279. See also Galland v. Galland, 38 Cal. 265; Butler v. Butler, 4 Litt. 202; Purcell v. Purcell, 4 H. & M. 507; Almond v. Almond, 4 Rand. 662; Logan v. Logan, 2 B. Mon. 142; Prather v. Prather, 4 Desaus. 33; Glover v. Glover, 16 Ala. 440; Rhame v. Rhame, 1 McCord, Eq. 197; Helms v. Franciscus, 2 Bland, Ch. 544; Macnamara's Case, 2 Bland, Ch. 538, 546; Beuter v. Beuter, 1 S. D. 94.

*E. H. Smalley*, for respondent.

The judgment awarding alimony is not void, though the complaint contained no specific prayer for that relief. Under the general prayer for relief, plaintiff is entitled to a decree for alimony, for such relief is incidental to a decree of divorce. 1 Enc. Pl. & Pr. 417; Darrow v. Darrow, 43 Iowa, 411; Jackson v. Jackson, 1 McArthur, 34; Nelson, Div. § 737; Spooner v. Bay St. L. Syndicate, 47 Minn. 464; Triggs v. Jones, 46 Minn. 277; Forcy v. Leonard, 63 Wis. 353.

The issue of alimony, having once been decided in an action brought in this state by a resident thereof, and the property being within the state, is res judicata for all time. Crugom v. Crûgom, 64 Wis. 253; Kamp v. Kamp, 59 N. Y. 212; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Thomas v. Thomas, 41 Wis. 229; Hopkins v. Hopkins, 40 Wis. 462; Dow v. Blake, 148 Ill. 76, 86; 21 L. R. A. 676, note; Hawkins v. Ragsdale, 80 Ky. 353; Owen v. Yale, 75 Mich. 256; Tatro v. Tatro, 18 Neb. 395; Barrett v. Failing, 111 U. S. 523. The entry of judgment for division of property, if a defect at all, is a mere irregularity or error, and cannot be attacked in a collateral proceeding. Stuntz v. Tanner, 61 Wis. 248. The remedy would be by motion to set aside the judgment, or by appeal. Grant v. Schmidt, 22 Minn. 1; Semrow v. Semrow, 23 Minn. 214; Weld v. Weld, 28 Minn. 33; Frankfurth v. Anderson, 61 Wis. 107.

COLLINS, J.

Appeal from an order sustaining a demurrer to a complaint in an action instituted by a divorced wife to recover alimony. While the demurrer was interposed upon several grounds, the questions resolve themselves into an inquiry as to the sufficiency of the facts stated to constitute a cause of action.

The controlling facts, as pleaded, may be presented as follows:

Plaintiff and defendant became husband and wife in the county of Fillmore, in this state, in the year 1882, and thereafter lived together as husband and wife in this state until the summer of 1896. They have no children. Their residence has continuously been, and still is, in this state,—at present, and for many years last past, in Houston county, in which this action was brought. Plaintiff's health became impaired, and in 1896 she left home for medical treatment, and in June, 1897, was in a hospital at Portland, Oregon. At that time defendant commenced an action in said Houston county, where both parties resided, as before stated, for divorce against plaintiff, upon the ground of willful desertion. Copies of the summons and complaint were personally served upon and left with plaintiff June 5 at said Portland, and these copies are made a part of the complaint herein. The plaintiff made no answer in that

action, and such proceedings were thereafter had as to result in a duly rendered decree of absolute divorce.

The complaint in the divorce case was wholly devoid of allegations as to the amount of the defendant's property, or as to the plaintiff's right therein; and there was no intimation that any relief would be sought involving a determination of these rights, or that any question of alimony would be passed upon. But in its findings the court found as a fact that defendant's personal and real property was of the value of $15,000; and judgment was ordered that defendant pay to plaintiff, as her allowance out of his estate and as permanent alimony, the sum of $4,500, which was to be in lieu of all claims upon his property. The judgment or decree of divorce, including judgment for alimony in accordance with the order, was entered on August 17, 1897, and is still in full force and effect.

The plaintiff also alleges in the present complaint that she refused to live with defendant upon the advice of her physician; that thereupon "defendant insisted that he must have a divorce and separation, to which plaintiff had no objection." It is also alleged that defendant is worth the sum of $150,000, and plaintiff's demand is that she may have judgment for the sum of $50,000 permanent alimony.

The subject now before us—of the right of a divorced husband or wife to maintain an action for alimony—has been frequently discussed by the courts; and these discussions have led to great confusion, ending in conflicting views and results, as will appear from an examination of the cases cited in Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017, in which this court laid down some general rules in reference to the subject, but in a case wholly different from this on the facts.

Here an action was brought for divorce by a husband against his wife in the county in this state in which both resided, and which for years had been their place of domicile. As she was temporarily absent from the state, constructive notice only of the pendency of the action could be given to her, and this was done by personal delivery of copies of the summons and complaint to her. Thereafter the court duly proceeded to a hearing of the cause,—this plaintiff

being in default for want of answer, and really, according to her own admission in this complaint, consenting to a judgment of divorce; and after such hearing a decree was rendered which not only divorced the parties, but determined the plaintiff's rights in her husband's real and personal estate,—a decree which is still in full force, not having been appealed from, and no attempt having been made to open or to set it aside. The presumption is, in the absence of any allegation to the contrary, that all of defendant's real and personal property, whether of the value of $15,000, as found by the court in the former action, or of the value of $150,000, as alleged in the complaint now under consideration, was within the jurisdiction of the court of his domicile,—concededly Houston county,—when the court assumed to adjudge as to such property, and to award to this plaintiff a portion of the same. So we have a case where the domicile of both parties to the action for divorce, and where the property over which the court assumed to act, were within its jurisdiction; and the only reasons urged why the court had no right to adjudicate as to alimony are that the party against whom the action was brought was temporarily absent from the state, that constructive service only of the summons and complaint could be made upon her, and that in the complaint there was no intimation that any attempt would be made to determine her rights in her husband's property.

The difference between this and the Thurston case is very marked. There a husband domiciled with his wife in this state had deserted her, and had acquired a residence in another state; his property remaining here, within the jurisdiction of our courts. Alleging untruthfully that he had resided in the state for one year, he commenced an action for divorce against his wife, obtained constructive service on her, and, for want of an answer, secured a decree, which was held to be valid, although the husband obtained it by falsely alleging his residence in that state to have been for at least one year. The husband's property was never within the jurisdiction of the court granting the divorce, and it made no effort to determine anything in connection therewith. It was rightfully held that the action for divorce in another state was in the nature of an action in rem, seizing nothing but the marriage status. No

property was or could be seized, for the reason that it was all in this state; and nothing was settled but that the marriage bonds were severed as to both parties. All other questions, said the court, are res nova. The conclusion, under this state of facts, was that as to the property in this state the wife could maintain an action for the recovery of alimony, although the parties were already divorced.

But such conclusion does not warrant the contention made here, that a good cause of action has been stated in this complaint. The action for divorce in this state is regulated by express statutory provisions. G. S. 1894, c. 62, §§ 4785–4821. The plaintiff must have resided here for one year immediately preceding the time of the exhibition of the complaint (section 4792), and the action must be brought in the county in which the plaintiff resides (section 4794). The requisites of the complaint are prescribed in section 4795, and a plaintiff need not allege anything in respect to his or her property, or in respect to the property or property rights of the defendant. The complaint in the divorce action brought by this defendant contained every statutory requisite, and it was not necessary to anticipate a claim for alimony on plaintiff's behalf. Again, section 4799 expressly provides that in every action, either for divorce or separation, the court, in its discretion, may require the husband to pay suit money and expenses, while by section 4807 the court is authorized, "upon every divorce for any cause, excepting that of adultery committed by the wife," to decree to the wife alimony out of the husband's estate. And the court is also authorized (sections 4801–4803) to make orders concerning the custody of the minor children, if any. Of course, the statute confers no authority upon the court, except as to property or children within its jurisdiction.

It seems obvious, under these statutory provisions, that, where the plaintiff in an action for divorce has property or children within the jurisdiction of the court in which he properly brings his action, the court, for all purposes of such action, has full and complete power and authority over such property or children, as an incident to its power and authority to sever the marriage ties. These are incidents of the subject-matter over which the court has jurisdiction, and it is immaterial that the defendant in the ac-

tion is not within the state. That fact—constructive notice of the pendency of the action being given—does not affect the jurisdiction of the court over the subject-matter. Let us suppose that from the complaint herein it appeared that there were minor children of these parties within the borders of our state. Could the power and authority of the court to award the care and custody of these children to either of these parties be doubted? We think not. This power and authority would arise out of the fact that these children were within the jurisdiction of the court in which a divorce proceeding was properly pending, and it would be immaterial that the defendant was absent from the state, and could only be given constructive notice of the bringing of the action. As was said in the Thurston case:[1]

"It is not the policy of a court of equity, or any other court which has complete jurisdiction of the parties and of the subject-matter, to do justice by halves, or to permit a party to present an entire controversy by piecemeal, when there is no obstacle to its being all presented at once, or to a full and complete determination of the whole controversy in one proceeding."

We hold, for the reasons hereinbefore stated, that the court in which was instituted the divorce proceeding had jurisdiction to award and decree alimony, notwithstanding defendant failed to appear or answer, and therefore that the question is res judicata, and this plaintiff is barred from any further claims against the defendant's property. She must abide by the terms of that decree, unless it is vacated or modified.

Order affirmed.

[1] 58 Minn., at page 286.