### BARBER et al. v. BROWN et al.

No. 5492.    Opinion Filed January 25, 1916.

(154 Pac. 1156.)

1. **WILLS — Construction — What Law Governs.** A will must be construed by the laws as they exist at the time of the death of the testator, and not by the laws in force at the time of the execution of the will.

2. **SAME—Indians—Allotments—Validity of Devise—Operation of Statute.** An enrolled Chickasaw freedwoman executed a will on the 4th day of August. 1904, at which time she was without legal authority to convey her allotment by will, and she departed this life on the ——— day of September, 1906, at which time she had authority, under Act of Congress approved April 26, 1906 (34 Stat. 137. c. 1876). to convey her allotment by will. After the death of such testatrix, said will was admitted to probate. **Held,** that such will was governed by the laws as they existed at the time of the death of said testatrix. and legally devised her property. including her allotment.

3. **SAME—What Law Governs.** A statute. passed after the making of a will, but before the death of the testatrix. by which the law in force when the will was made is changed, will operate on the will; and to give such interpretation to the statute does not make it retrospective, since it affects no vested rights.

(Syllabus by Collier, C.)

*Error from District Court, Garvin County;*

Ejectment by Ben Brown and others against Joseph C. Barber and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

*Blanton & Andrews,* for plaintiffs in error.

*A. F. Pyeatt,* for defendants in error.

Opinion by COLLIER, C. This is an action in ejectment, brought by the heirs at law of Minerva Stevenson, against plaintiffs in error, to recover certain lands described in the petition in said cause, which said lands

were the allotment of Minerva Stevenson, a Chickasaw freedwoman. It is averred in the petition that plaintiffs in error claim title to said lands through a mesne conveyance from Henry Taylor, the devisee in a will executed by said Minerva Stevenson on the 4th day of August, 1904, who departed this life on the ——— day of September, 1906; which said will was, on the ——— day of July, 1907, duly probated. Plaintiffs in error demurred to the petition, and, by agreement of the parties, "all questions which might arise under the pleadings and the demurrer thereto, save the one question of whether said will was valid and sufficient to pass title to the allotment of deceased, are waived." The court held that said will was invalid and not sufficient to pass title to said land, and overruled said demurrer. From said holding of the court, this appeal is prosecuted upon a transcript.

The only question in this case is whether or not said will vested in Henry Taylor, the devisee under the will, title to the land in controversy. At the time of the execution of the will, testatrix was without power to convey her allotment by will; but at the time of her death, under section 23 of an act of Congress approved April 26, 1906 (34 Stat. 137), she had authority to bequeath all her real estate and personal property, and interests therein. The will took effect at the death of the testatrix, and is governed by the law existing at the time of her death, and not by the law in force at the time of the execution of the will. Hence said will legally conveyed said land to the said Henry Taylor.

In the well-considered case of *Wilson v. Greer,* 50 Okla. 387, 151 Pac. 629, Devereux, C., held:

"A will is ambulatory during the life of its maker. It is, in effect, reiterated as his testament at each mo-

Barber et al. v. Brown et al.

ment of his life after its execution, including the last moment, and is governed by the law existing at the time it takes effect, which is at the time of the testator's death."

It is further held in said case that:

"A statute passed after the making of a will, but before the death of the testator, by which the law in force when the will was made is changed, will operate on the will, and to give such interpretation to the statute does not make it retrospective, since it affects no vested rights."

In *Loveren v. Kamprey*, 22 N. H. 434, it was held that a new law, changing the operation of a will, is not retroactive, where the testator makes his will prior to the passage of the act, but dies thereafter. In that case it is also said:

"A will does not take effect, nor are there any rights acquired under it, until the death of the testator; and its construction is to depend upon the law as it then stands. A statute passed after the making of a will, but before the death of the testator, by which the common law is changed, will operate upon the will. To give the statute such an effect is not to make it retrospective in its operation, since it affects no rights vested before its passage."

We are therefore of the opinion that the court committed reversible error in holding that said will was invalid and overruling the demurrer interposed to the petition.

This case should be reversed and remanded, with instructions to sustain the demurrer.

By the Court: It is so ordered.