## ANNA V. SEARLES v. WILLIAM M. SEARLES.[1]

June 28, 1918.

No. 20,883.

**Divorce — residence of plaintiff — evidence.**

1. The evidence sustains a finding that the plaintiff resided in the county where this action was brought.

**Same — decree in foreign state — action for alimony in Minnesota.**

2. The plaintiff and the defendant were married in Minnesota and resided there many years. The defendant went to the state of Washington and there obtained a divorce from the plaintiff upon substituted personal service in Minnesota. The divorce is conceded to be valid. There was no determination as to alimony. The Washington action was in rem. The res was the marriage relation or status. Of that the Washington court had jurisdiction and might destroy it by its judgment and it did. The judgment of divorce is not res adjudicata upon the question of alimony and the plaintiff may maintain an independent action for alimony in Minnesota.

**Same — award for alimony — lien on after-acquired property.**

3. In making an award of alimony the court properly took into account real property acquired by the defendant in Minnesota by inher

[1]Reported in 168 N. W. 135.
140 M.—25.

itance after the decree of divorce and charged it with a lien for the alimony awarded.

Action in the district court for Nicollet county for divorce, the care and custody of the minor child and for alimony. The case was tried before Olsen, J., who made findings and as conclusions of law found that the decree of divorce entered in the action in the state of Washington was valid; that such decree did not adjudicate the question of plaintiff's right to alimony and was not a bar to an action to recover alimony out of defendant's property in Minnesota, and awarded her $1,800 as permanent alimony. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*M. E. Stone* and *George T. Olsen,* for appellant.

*Brown S. Smith,* for respondent.

DIBELL, C.

The plaintiff and the defendant were married in Nicollet county in 1881. In 1909, while the parties were living in Mahnomen county, the defendant left and went to the state of Washington. In 1913 he obtained a divorce from the plaintiff in the courts of Washington. It is conceded that this divorce was valid. In the action before us the plaintiff asked for a divorce and an allowance of alimony. The defendant pleaded the Washington divorce. The trial resulted in a judgment for the plaintiff for alimony, but not for a divorce, and the defendant appeals.

1. The action was brought in Nicollet county. The statute requires an action for divorce to be brought in the county where the plaintiff resides. G. S. 1913, § 7114. Defendant contends that the plaintiff did not reside in Nicollet county. The court found that she did. She was born there and her relatives live there. For some time she has been working in Minneapolis, going there from Nicollet county where she was living with her relatives. She says that Nicollet county is her home. The finding of the trial court is sustained. A discussion of the evidence would be profitless.

From what is said it should not be understood that we hold that an independent action for alimony, such as in its result this is, must be brought in the county where the plaintiff resides.

2. In the divorce action in Washington jurisdiction was acquired of the defendant, this plaintiff, by substituted personal service in Minnesota as authorized by the Washington statute which is similar to ours. The action was in rem. The res was the marriage status or relation existing between the parties. That was within the jurisdiction of the Washington court and the effect of its judgment was to destroy it. There was no determination of the question of alimony. The judgment, since it was in rem and operative only on the res, the marriage status, is not res judicata on an application for alimony. The wife, in such a situation as is before us, may maintain an independent action for alimony in the state of her residence and matrimonial domicil. This is the substantial effect of Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017, and the doctrine finds general though not universal support. See Toncray v. Toncray, 123 Tenn. 476, 131 S. W. 977, 34 L.R.A.(N.S.) 1106, Ann. Cas. 1912C, 284; Cox v. Cox, 19 Oh. St. 502, 2 Am. Rep. 415; Turner v. Turner, 44 Ala. 437; Cook v. Cook, 56 Wis. 195, 14 N. W. 33, 443, 43 Am. Rep. 706; note 34 L.R.A.(N.S.) 1106; note Ann. Cas. 1912C, 284, 289; note 77 Am. St. 228, 240; 1 Enc. Pl. & Pr. 415; 2 Nelson, Div. & Sep. § 936; 2 Bishop, Marr. & Div. § 844, et seq.; 1 R. C. L. 937. The case of Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 Am. St. 636, is so different from the one before us as not to call for discussion. The plaintiff can maintain an action for alimony.

3. When the defendant left Minnesota he had real estate of the value of $200 which he still owns. After the Washington divorce he inherited from his father real property in Nicollet county of the value of $5,200. The court allowed the plaintiff alimony of $1,800 and charged it as a lien upon the Nicollet county property. The contention of the defendant is that alimony must be based upon conditions existing at the date of the decree and that after-acquired property cannot be considered or affected. There is authority for this contention. Van Orsdal v. Van Orsdal, 67 Iowa, 35, 24 N. W. 579. There is authority to the effect that after-acquired property may be taken into account and an allowance made out of it. Toncray v. Toncray, 123 Tenn. 476, 131 S. W. 977, 34 L.R. A. (N.S.) 1106, Ann. Cas. 1912C, 284; Cox v. Cox, 20 Oh. St. 439. In this state the court may alter and revise the judgment awarding alimony to meet changed conditions. G. S. 1913, §§ 7128-7129; Haskell v. Has-

kell, 116 Minn. 10, 132 N. W. 1129, and cases cited; Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Hoff v. Hoff, 133 Minn. 86, 157 N. W. 999. So, it was held proper to revise a decree by making the original award of alimony a lien on property acquired by the defendant by inheritance after the decree of divorce. Roberts v. Roberts, 135 Minn. 397, 161 N. W. 148, L. R. A. 1917C, 1140. These cases point to the doctrine, as the proper one for this state, that in·an independent suit for alimony, under circumstances such as are before us, the court may take into account after-acquired property and may make the award a lien upon such property.

Judgment affirmed.