Skala v. Brockman.

---

JOHN SKALA, APPELLEE, V. JOHN BROCKMAN, APPELLANT.

FILED NOVEMBER 13, 1922.    No. 22135.

1. **Process:** CONSTRUCTIVE SERVICE. An absconding resident may be served with summons by publication in accordance with the provisions of subdivision 5, sec. 7640, Rev. St. 1913, which provides that service may be made in such wise "in all actions where the defendant, being a resident of the state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent."

2. ———: ———: AFFIDAVIT. And where the affidavit for service by publication states that service cannot be made on the defendant within the state, and states facts that show that the case is one of those mentioned in subdivision 5, sec. 7640, Rev. St. 1913, it is sufficient.

3. **Venue.** In this case, *held* that the action was one which could be brought within Cuming county, Nebraska, whether the defendant was a resident or a nonresident.

APPEAL from the district court for Cuming county: ANSON A. WELCH, JUDGE. *Affirmed.*

*A. R. Oleson,* for appellant.

*John J. Gross* and *P. M. Moodie, contra.*

Heard before MORRISSEY, C. J., DAY, ROSE and ALDRICH, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

This is a question purely of jurisdiction. On the 7th

day of September, 1920, the plaintiff, John Skala, sued his lessee, John Brockman, for a chattel mortgage on crops, according to the terms of the lease between them. He alleged that defendant by said lease agreed to give him such a mortgage upon demand to secure rent in the sum of $500; that on the 3d day of September, 1920, he went upon the land to make such demand; that defendant had concealed himself so that plaintiff was unable to find him, then or since, and had absconded with intent to defraud plaintiff of his due and to prevent him from making the demand in question. The petition contains other allegations appropriate to the cause of action, which need not be recited in this opinion.

Upon the filing of the petition, September 7, as aforesaid, a summons was issued and served upon the defendant by copy left at his last known domicile on the farm, and immediately thereafter plaintiff proceeded to get service by publication in addition, completing the same and filing proof thereof on the 2d day of October of the same year. The affidavit for publication, which is the subject of attack, is here set out, omitting the title, signature, jurat and formal parts generally:

"John Skala, being first duly sworn, says that he is the plaintiff in an action started in the district court of Cuming county, Nebraska, against John Brockman; that said John Brockman has been a resident of Cuming county, Nebraska; that he has departed and absconded from said Cuming county, Nebraska, with intent to delay and defraud said plaintiff in the collection of the debt mentioned in the petition in said action; that he keeps himself concealed with the intent to so delay and defraud the plaintiff and to avoid the service upon him of a summons in said action; and that because of the said actions of said defendant it is impossible to serve him with a summons in this state; further affiant saith not."

On the 7th day of October, 1920, shortly following the completion of such service by publication, the defendant appeared specially and objected to the jurisdiction of the

court over his person. It was stated in his objections, and in affidavits by the defendant and his wife, that defendant had left on the 2d of September, 1920, with the intention of abandoning his residence in Nebraska and permanently residing in Connersville, Indiana; that he had. established a residence there on the 7th of September, 1920, and that he had been a nonresident of Nebraska from and after the date of his described departure from the state. He followed this objection to the jurisdiction of the court over his person by additional objections filed October 14, 1920, in these words:

"Comes now the above named defendant and objects to the jurisdiction of the court in the above entitled action over the person of defendant and of the cause of action therein for the following reasons, to wit: (1) That there is no sufficient affidavit in said action authorizing service upon defendant by publication; (2) that the court is without jurisdiction in said action to proceed against a nonresident defendant; (3) that the pretended service by publication in said action is unauthorized and void and confers no jurisdiction upon this court in said action either upon the subject of the action or over the person of the defendant."

The court sustained these objections as to jurisdiction acquired by the residence service first made, but overruled them as to jurisdiction acquired by the service by publication, and, defendant refusing to plead further, took proofs and entered a decree in favor of the plaintiff.

It is of importance, and should be noted, that the court found the facts as they were alleged in the petition, that is to say, that the defendant had departed from the county and state of his residence to hinder and delay his creditors, etc.

The defendant contends in his brief that he was a nonresident, and on that assumption insists that, in order to get service upon him, the plaintiff must have followed him to another state. But where the absconder remains

a resident of Nebraska the case falls under section 7620, Rev. St. 1913, and the plaintiff may sue him in the county in which he resides, taking care to serve him according to the provisions of the statute, *i. e.*, under subdivision 5, sec. 7640, Rev. St. 1913, the section providing for service by publication. This was the theory of the plaintiff, who, so far from asserting that defendant was a nonresident, inferentially pleaded the opposite, alleging that he had left to defraud him out of his due, and then proceeded to serve him as if he was a resident, first, by copy of summons left at his home, then by publication according to the particular terms of the appropriate subdivision of said section 7640.

The finding of the court is entirely in consonance with this. The decree proceeds: "This cause then coming on to be heard upon the petition of the plaintiff and the evidence offered in support thereof, the court finds that the allegations of the plaintiff's petition are true, and a finding is made to that effect as though said allegations were incorporated into and made part of this petition." (Journal entry.) What this evidence was we are unable to say, inasmuch as there is no bill of exceptions here. But we are bound to conclude that there was enough in it to satisfy the trial court that defendant remained a resident, though an absconder, and so determined in his disposition of the case.

Unless, therefore, the affidavit for publication was insufficient, the decision of the lower court must be affirmed. The nature of the action is stated in such affidavit in order that it may appear whether or not the case falls within the category of cases in which service by publication is authorized. Section 7641, Rev. St. 1913, immediately following section 7640 thereof, which is the section setting forth such category, is: "Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in

the preceding section. When such affidavit is filed, the party may proceed to make service by publication."

The preceding section in its fifth subdivision provides for service by publication, "in all actions where the defendant, being a resident of. the state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent."

As applied to the particular situation, none of the defendant's authorities supports his contention that this affidavit is not sufficient. "No case, unless it is identical in its facts, can serve as a controlling precedent for another, for differences, slight in themselves, may, through their relation with other facts, turn the balance one way or the other." *Home Telephone Co. v. City of Los Angeles,* 211 U. S. 265, 274. We are satisfied that the affidavit was sufficient.

That the doctrine of *Horkey v. Kendall,* 53 Neb. 522, does not condemn the affidavit because it was made before the attorney is quite clear, as pointed out in appellee's brief. No attack upon this service was made against it in the court below, and none will be considered in this review.

Supposing that the defendant was a nonresident, and that the court had so found, the question presented by the able brief of defendant would be of great interest. Even then, in the opinion of the court, it would not do to assent to defendant's contention that the action was a personal one. As suggested by counsel for the plaintiff, finding support in *Ryan v. Donley,* 69 Neb. 623, the action was an action *in rem* in which the *res,* the crops belonging to the defendant, were in the custody of equity from the time of the commencement of the action. Section 7619, Rev. St. 1913, authorized, we think, the bringing of the action in Cuming county, and, reasoning along familiar lines, the problem works to the same conclu-

sion. But it is unnecessary to discuss this, as the conclusions above arrived at dispose of the case.

AFFIRMED.