## EFFIE BELLE GRAVEN NORRIS v. LANNIE FORREST NORRIS.[1]

June 11, 1937.

No. 31,241.

[1]Reported in 273 N. W. 708.

*Fitchette, Shama & Bainbridge,* for appellant.
*Harold A. Wright,* for respondent.

HILTON, JUSTICE.

This is an appeal from a judgment of the district court of Hennepin county entered after it had dismissed the action on the pleadings on the ground hereinafter stated.

In May, 1936, plaintiff commenced this action against the defendant alleging that the parties were man and wife; that the defendant had wilfully deserted her; that he had been guilty of cruel and inhuman treatment; that by reason of this conduct she had been forced to live apart from the defendant; and that she is without any means of support for herself and the minor child of the parties. For relief she asked for separate maintenance and the custody and support of the minor child, attorney's fees and other costs, and also a temporary allowance pending the outcome of the action.

As part of his answer defendant alleged that on October 2, 1935, he commenced an action for divorce in the state of Arkansas in which the summons and complaint were served upon this plaintiff personally in that state; that plaintiff thereafter filed an answer and cross complaint; that plaintiff appeared personally and by attorney in the chancery court, in which that action was pending, and obtained in said court an interlocutory order for her maintenance and attorney's fees; that plaintiff thereafter caused depositions of certain witnesses to be taken and submitted to the court on her behalf, and that on January 22, 1936, the court made and filed its order in the said divorce proceedings. Attached to the

answer herein are copies of the complaint, the answer and cross complaint, and the final order and decree in the Arkansas action, in which the plaintiff therein (defendant here) was granted a divorce.

In her reply the plaintiff admits the commencement of the divorce action in Arkansas and the service of the complaint on her as alleged in the answer herein. She also admits the making and filing of the decree attached to the answer, but alleges that the purported divorce therein granted to her husband is void on the ground that neither of the parties ever had a *bona fide* domicile in the state of Arkansas, and that in the action there her husband fraudulently, corruptly, and unlawfully stated and represented that he was a resident of that state, all of which constituted a fraud upon the courts of Arkansas and Minnesota. She also admits in the reply that she appeared in the Arkansas action.

Before this case came on for trial the lower court granted defendant's motion to dismiss the action on the pleadings on the ground that the plaintiff was estopped to deny the jurisdiction of the Arkansas court.

Plaintiff's right to maintain this action for separate maintenance depends of course upon the validity of the Arkansas divorce. Whatever may be the rule in other states, this court has held that where in an action for divorce in the court of another state both parties voluntarily appear and submit to the jurisdiction of that court, they are bound by the judgment and cannot avoid it in a collateral proceeding in this state by proof that when the action was brought and judgment rendered neither of them was a resident in that state and that both were residents in this state. In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287, 43 A. S. R. 514. Whether the rule is based on the theory of jurisdiction conferred by consent and appearance of the parties, an estoppel, or on some other theory, the result is desirable. If neither of the parties had a domicile in Arkansas, plaintiff here was just as guilty as the defendant of fraud on that court. She voluntarily appeared, admitted the residence of her husband in Arkansas, and by her cross complaint asked the court to exercise its powers in her behalf. To

permit two persons to go to another state and perpetrate such a fraud and then allow the disappointed party to avoid the result in the courts of this state would be too great a mockery of the law. In such a situation an attack on the jurisdiction of the foreign court should not, and will not, be permitted.

It is true that in the Ellis case, above cited, rights of third persons had intervened, but it was the conduct of the parties themselves and not the rights of third persons which led to the result reached, and we think that the rule stated should apply in this case. This state, not being a party to the Arkansas proceedings, is not of course bound by the judgment there.

Plaintiff contends that although the Arkansas decree is held to be valid, the courts of this state still have the power to determine her alimony and support money rights. It is the rule in this state that where a divorce has been procured in another state and none of the rights of the parties except the right to a divorce has been litigated in the divorce action, the wife may thereafter maintain an action in this state for an adjudication of the alimony or other rights of the parties. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017; Searles v. Searles, 140 Minn. 385, 168 N. W. 133. It can perhaps be argued that the rule does not apply in favor of the wife when she has participated in such a fraud as the plaintiff herein has been guilty of. However, we need not determine that question because the right of the plaintiff to alimony and custody and support of the minor child was litigated in the Arkansas court. In her cross complaint in the action there she asked for a division of the property of the parties, alimony, support money for the children (one child has reached majority), costs and disbursements of the action, attorney's fees, and such other relief as the court might deem just. In its decree the court granted this defendant a divorce and awarded plaintiff custody of the minor child and $50 a month for the latter's support. It also decreed and ordered this defendant to pay the costs of the action. The decree was silent as to alimony, and plaintiff contends that therefore there was no adjudication of that matter. We think this contention is without merit. The court in granting this plaintiff part of the relief she

asked for obviously denied the rest, including her right to alimony. That issue was before the court the same as was her right to the custody and support of the child. The decree of the court, binding on the parties as to the divorce, is also binding on them as to all other matters litigated and determined in that action for the same reasons as hereinbefore stated. If plaintiff was not satisfied with the result her remedy was to appeal in the Arkansas action.

If the conclusion we have reached seems unjust and harsh to the plaintiff, the responsibility rests upon her. This is not a case where one of the parties has fraudulently procured a divorce in another state on constructive service. In such a case the courts of this state will not hesitate to aid the innocent party in avoiding the effect of the divorce.

Affirmed.

[1]Reported in 273 N. W. 677.