### FROST et al. v. DAVIS.

No. 27975.   April 12, 1938.

Cornelius Hardy and Holmes H. Colbert, for plaintiffs in error.

R. E. Bowling, for defendant in error.

WELCH, J. This is an appeal from the district court of Murray county, wherein defendant in error, claiming under the terms of a will, sought and obtained judgment quieting his title to certain real estate.

Plaintiffs in error assert that the will is void because not executed in accordance with the following provisions of the Act of Congress of April 26, 1906:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein; Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner." Sec. 23, c. 1876, 34 Stat. 145.

It is admitted that the testator, Alfred Nail, was a full-blood duly enrolled Choctaw Indian, and that the lands devised and herein involved were restricted within the meaning of the act of Congress above noted; that at the time the will was executed the testator was married and that the will made no provision for the wife of testator, and that the same was not acknowledged before and approved by either of the agencies named in the act. That thereafter the said Alfred Nail died, and the county court of Murray county has admitted the will to probate and entered a final decree of distribution in accord with the terms of the will, which devised the lands herein involved to the defendant in error.

Subsequent to the execution of the will and prior to the death of the maker, the wife of the maker procured a decree of divorce from him upon service by publication. It is asserted by plaintiffs in error that the divorce is void on account of defective service.

The questions presented here, therefore, are, first, Is the divorce void? And, if not, second, Is the will valid and sufficient to convey title to the land involved?

In support of the contention that the publication service is fatally defective, chief reliance is had upon the cases of Romig v. Gillett, 10 Okla. 186, 62 P. 805; Cordray v. Cordray, 19 Okla. 36, 91 P. 781; Richardson v. Howard, 51 Okla. 240, 151 P. 887, and Holland v. Holland, 70 Okla. 266, 173 P. 1139, and sections 184 and 667, O. S. 1931.

The affidavit here states that the defendant is a nonresident of the state of Oklahoma, or if a resident, so conceals himself that service of summons in person cannot be made upon him; that his present whereabouts are unknown and cannot be ascertained by any means known to plaintiff.

Plaintiffs in error assert that the affidavit is deficient in that it does not state positively that the defendant is a nonresident; that it does not show due diligence to serve the defendant within the state, and that the affidavit does not state that the defendant, being a resident of the state, has departed therefrom or from the county of his residence, to avoid the service of summons, or keeps himself concealed therein with like intent.

We have examined the affidavit, and although the same might have been made to state the facts of diligence more fully, and therein the same is not to be commended as a model of perfection, we nevertheless feel that the same is not fatally defective, so as to render the judgment based thereon void on the face of the judgment roll. We think the affidavit is equivalent to the positive assertion that the defendant conceals himself and cannot be found within the state by any means known to plaintiff, and therefore cannot be served personally. We think the same negatives the idea that no search or inquiry had been made and sufficiently indicates due inquiry and diligence as against collateral attack.

Regarding the further contention based upon the asserted omission to file affidavit of mailing or excuse required by section 667, supra, we observe that the journal entry of judgment recites a finding of sufficient and legal service by publication, and therefore the judgment on that point is not void on its face or on the face of the judgment roll. Woodley v. McKee, 101 Okla. 120, 223 P. 346.

We therefore conclude that the trial court did not err when it found that the judgment of divorce was not void on the face of the judgment roll, and that at the time of the death of the testator he was unmarried.

Turning now to the question of the validity of the will to convey the real estate involved, we observe that the parties have not given us any authorities exactly in point of fact. Plaintiffs in error assert

that the will was not effective for that purpose at the date of its execution, because at that time the testator had a wife whom he disinherited, and the will is without acknowledgment and approval of an agency named in the above act of Congress, and is contrary to the provisions thereof.

They cite Williford et al. v. Davis et al., 106 Okla. 208, 232 P. 828, and Davis v. Williford, 271 U. S. 484, 46 S. Ct. 547, as supporting their assertion that the validity of the will is to be determined as of the date of its execution, and not as of the date of the death of the testator. Therein the status of the parties and the law was the same at the date of the execution of the will as at the date of the death of the testator. The case merely concerns the things necessary to constitute compliance with the act when one of the class named therein is disinherited, and in our view affords no assistance in determining the questions here.

It is the contention herein that the will did not disinherit one of the class named in the act at its effective date, to wit, the date of the testator's death; that Nail was not prohibited by the act from executing a will and that he did so execute the same, and that it was ambulatory and expressed his will and desire continuously up to the moment of his death, at which time he had no wife, and therefore the will did not disinherit his wife, and, therefore, did not violate the act of Congress under consideration.

In support thereof defendant in error offers the case of Wilson v. Greer, 50 Okla. 387, 151 P. 629. There an Indian executed a will at a time when he was prohibited by law from devising the lands involved. At the date of the execution of the will in the Wilson Case, supra, and in the present case, each will was ineffective to convey the lands sought to be conveyed. In the Wilson Case, supra, the law was changed subsequent to the execution of the will and prior to the death of the testator so that no legal restriction against conveying the land by will existed at the date of the death, and in that case, as here, there was no formal or overt act of republication of the will after the change in the law. In the instant case there was a change in the status of the parties subsequent to the execution of the will and prior to the death of the testator so that at the time of death the law did not require that the will, as written, be acknowledged and approved by one of the agencies named in the act, to be effective to convey the land.

In the Wilson Case, supra, it was held:

"A will is ambulatory during the life of its maker. It is, in effect, reiterated as his testament at each moment of his life after its execution, including the last moment, and is governed by the law existing at the time it takes effect, which is at the time of the testator's death."

The only distinction between the Wilson Case, supra, and the present case is that in the former case there was a change in the statute law and in the instant case there was a change in the status of the parties. In neither case is there involved a question of due execution of the will or any question as to testamentary capacity to make a will.

It is our opinion that the distinction between the Wilson Case and this one would not justify the application of different principles of law. We consider the Wilson Case, supra, so closely analogous to the present case as to be controlling here on the question just discussed.

The Wilson Case was cited and followed in Barber v. Brown, 55 Okla. 34, 154 P. 1156.

In McCormick v. Hall, 337 Ill. 232, 168 N. E. 900, it was held that:

"A will, in legal contemplation, takes effect at the time of the death of the testator and is to be considered as if it bore date as of that time."

See, also, Alexander v. Samuels, 177 Okla. 323, 58 P.2d 878, and Wells v. Brown (8 C. C. A.) 255 Fed. 852.

Plaintiffs in error contend, further, that Davis, the devisee and defendant in error, is estopped from claiming under the will because the will was not presented for probate until more than three years after the death of Nail, and until plaintiffs in error had acquired their title by deed from the heirs, and because Davis had previously joined others in an application for appointment of an administrator of the estate of Nail, wherein it was recited that Nail died intestate. The parties who here seek the application of the rule of estoppel wholly fail to show any wrongful conduct on the part of Davis upon which they acted to their injury.

The testimony referring to oral representations must have been unsatisfactory to the trial court, and there was failure to show what interest, if any, was inherited by the grantors in the deeds obtained after commencement of probate proceedings.

In Coats v. Riley, 154 Okla. 291, 7 P.2d

644, it was held in paragraph 14 of the syllabus thereof as follows:

"An essential element of estoppel is that the party invoking it must have been misled to his injury by the wrongful conduct of the party against whom it is invoked."

We are therefore of the opinion that no estoppel has been shown.

The judgment of the trial court is in all things affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.