VIVIAN SHERIDAN v. MATT SHERIDAN.[1]

June 26, 1942.

No. 33,230.

[1] Reported in 4 N. W. (2d) 785.

*Streissguth & Gislason* and *Erickson & Graff*, for appellant.
*Regan & Regan,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order "vacating and setting aside" a judgment entered March 8, 1933, in her suit for divorce, alimony, and the custody and support of their minor child. The order is based "upon the ground that the court had no jurisdiction over the issues or matters assumed to be determined by said judgment."

The facts may be thus summarized: The parties, then residents of this state, were married at Mankato, November 13, 1922. From

November 22, that year, until May 1923, they resided at Winthrop, this state, when they moved to Storm Lake, Iowa, where they continued to live until September 1926. Their only child, John Sheridan, was born in 1923. In September 1926, plaintiff took the child with her and moved to New Ulm, this state, where she and the child have since resided. There she secured a job earning ten dollars per week. On January 5, 1932, at the suit of the husband in the district court of Webster county, Iowa, a default decree of divorce was entered. Jurisdiction was obtained by publication only. Plaintiff had no actual knowledge thereof until after entry of judgment. By the terms of the decree, the custody of the child was given to the wife but "with the right of plaintiff [husband] to visit said child at all reasonable times and hours." The husband was required to "pay to the defendant for the support" of the child $30 per month until he "arrives at the age of 18 years."

In August 1932, the present divorce suit was brought by the wife in this state asking for divorce, alimony, and support money for the child. Personal service within this state was made upon the husband, who duly answered and appeared generally in that suit and was represented by competent counsel. He pleaded the Iowa divorce, attaching authenticated copies of the proceedings there had, and averred that the judgment therein entered "has not been set aside" and "is still in full force and effect." He alleged full compliance therewith and prayed that the burdens imposed thereby be not increased. That cause was duly heard, the court finding that the Iowa divorce was effective as to the marriage status, but that plaintiff wife "was entitled to be heard on the question of alimony and support money," since "this is the first opportunity she has had to be so heard." She was awarded $40 per month as and for "alimony and support money" for the child "until the further order of the court." In accordance therewith, judgment was entered March 8, 1933.

Pursuant to the Minnesota decree, defendant husband for a time met these requirements but later paid only the $30 per month directed by the Iowa decree. Plaintiff has since received and ac-

cepted these payments, a period of some eight years, and, so far as here disclosed, without registering any complaint. Thus matters rested until the present motion to vacate the Minnesota decree was made. Defendant claims, as the sole ground therefor, that "the court had no jurisdiction to enter said judgment" and that it was "obtained by erroneous proceedings," no other reason being assigned. .

■ Ever since the decision in the leading case of Haddock v. Haddock, 201 U. S. 562, 567, 26 S. Ct. 525, 526, 50 L. ed. 867, 868, 5 Ann. Cas. 1, it has been established law that "where a personal judgment has been rendered in the courts of a State against a nonresident merely upon constructive service and, therefore, without acquiring jurisdiction over the person of the defendant, such judgment may not be enforced in another State in virtue of the full faith and credit clause" of the federal constitution. Hence, under that rule, each state may determine for itself what effect is to be given to divorce decrees rendered against one of its own residents or citizens by the courts of another state where personal service of process upon the defendant is wholly lacking and where there is no property belonging to defendant to be reached within the jurisdiction of that court.

■ But most courts, including this court, have, upon principles of comity, recognized foreign divorces insofar as they affect the marriage status, upon the theory that the foreign court had jurisdiction of the status which followed the suing plaintiff to the foreign state in which he resided when substituted service upon the opposite party was made. The following cases are illustrative of the rule: Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017; Searles v. Searles, 140 Minn. 385, 168 N. W. 133; Norris v. Norris, 200 Minn. 246, 273 N. W. 708; 39 A. L. R. 603; note, Ann. Cas. 1912C, 289. Therefore, we think, the trial court was right in its original holding that the Iowa court had jurisdiction only over the marriage status, that being the domicile of the husband. Thereby the Iowa decree validly terminated the marriage ties as a judgment *in rem,* and not *in personam.* And that is the

holding of the Iowa supreme court as announced in many of its cases, as, for example, Kline v. Kline, 57 Iowa, 386, 10 N. W. 825, 42 Am. R. 47. There the court held that a decree of divorce rendered in Wisconsin in favor of the husband, there domiciled, after only constructive service upon the wife, who had acquired a separate domicile in Iowa, was valid and entitled to recognition in Iowa only insofar as the marriage *status* was concerned; but, since the children were living with the wife in Iowa when the decree was entered, the court concluded that as to their custody the Wisconsin court was without jurisdiction, saying (57 Iowa, 388, 10 N. W. 826):

"Under the circumstances, we think the better rule is that the court in Wisconsin had jurisdiction to declare the *status* of the parties before it and grant the divorce, but that the decree in excess of this was void for want of jurisdiction."

That case has been followed and applied in several decisions since, amongst them Mollring v. Mollring, 184 Iowa, 464, 167 N. W. 524, 526[7] IV; Doeksen v. Doeksen, 202 Iowa, 489, 492, 210 N. W. 545, 546. For other cases bearing upon this phase, see Seeley v. Seeley, 30 App. D. C. 191, 12 Ann. Cas. 1058, *certiorari* denied, 209 U. S. 544, 28 S. Ct. 570, 52 L. ed. 919; Harris v. Harris, 115 N. C. 587, 20 S. E. 187, 44 A. S. R. 471; 20 A. L. R. 809, 818.

■ The trial court thought that Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 A. S. R. 636, controlled decision here, and that the Thurston and Searles cases were inapplicable. In this we think the court erred. Obviously, the court in this case had jurisdiction of the parties. There was proper personal service within our borders, followed by personal appearance and participation in the litigation. That is conceded. Amongst the issues presented here was that of the validity of the Iowa decree. Plaintiff in her reply sought to avoid its effect by alleging that the Iowa court was without jurisdiction over her and "over the subject matter of said action." She claimed that the judgment there rendered "was procured through the fraud and perjury of

the defendant [husband] herein, the plaintiff in said Iowa action." True, the court did not find her allegation in this respect established. But we think there can be no doubt that such issue was before the court. If adequate proof had been supplied that the Iowa court was in fact without jurisdiction (concededly it was as to the person of defendant wife) because of failure to meet statutory requirements for substituted service, or the manner of such service, as required by Iowa law, there can be no doubt that where the parties to this suit were both before a court of general jurisdiction, which unquestionably had acquired such jurisdiction over their persons, as to all such issues the Minnesota court had the power of determination.

■ We are not concerned with the judicial correctness of the trial court's decision whereby it arrived at the result it reached, since "a judgment is never void for error, if the court has jurisdiction over the person of the defendant and the subject-matter of the action." 3 Dunnell, Dig. § 5117; McElrath v. McElrath, 120 Minn. 380, 384, 139 N. W. 708, 44 L.R.A.(N.S.) 505. In any event, the court had jurisdiction to the extent of determining plaintiff's alimony, since the Iowa decree made no provision therefor. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017, and Searles v. Searles, 140 Minn. 385, 168 N. W. 133, *supra.*

The Sprague case, 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 A. S. R. 636, is obviously distinguishable in its facts from those here presented. There both parties to the cause were residents (p. 477, 76 N. W. 269) "in the county in this state in which both resided, and which for years had been their place of domicile." The wife was only temporarily absent from the state when the summons and complaint were served upon her while she was in Oregon. Plaintiff in that case secured a divorce which (p. 478, 76 N. W. 269) "according to her own admission in this complaint" consented to a judgment of divorce. There the court found that "all of defendant's [husband's] real and personal property was located in this state, and that its value was $15,000. The wife was awarded $4,500 as alimony (p. 477, 76 N. W. 268), "which

was to be in lieu of all claims upon his property." In her subsequent suit for alimony she made (p. 478, 76 N. W. 269) "no attempt" to have that judgment opened or "to set it aside." The original decree was "still in full force," no appeal having been taken to review its efficiency. In that situation this court held (73 Minn. 478, 76 N. W. 269):

"The presumption is, in the absence of any allegation to the contrary, that all of defendant's real and personal property, whether of the value of $15,000, as found by the court in the former action, or of the value of $150,000, as alleged in the complaint now under consideration, was within the jurisdiction of the court of his domicile,—concededly Houston county,—when the court assumed to adjudge as to such property, and to award to this plaintiff a portion of the same."

The Thurston case, 58 Minn. 279, 59 N. W. 1017, was distinguished but in no manner limited.

■ Here we have a case where the court had personal jurisdiction of the parties. The husband's income as a fireman on the railroad was found to be approximately $152 per month. We think there can be no question raised as to the court's jurisdiction, i. e., judicial power, to determine what portion thereof he should contribute to his wife and child. The Iowa decree, as to plaintiff in this suit, cannot be given such extraterritorial effect as to exclude exercise of jurisdiction here.

Plaintiff is allowed $100 attorney's fees in this court plus statutory costs and disbursements.

Order reversed.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.