LORRAINE S. MOUNTS, APPELLANT, V. DAYTON ROBERT
MOUNTS, APPELLEE, WILLIAM W. GRIFFIN,
GARNISHEE-APPELLEE.

149 N. W. 2d 435

Filed March 24, 1967. No. 36499.

Roscoe L. Rice, Frank J. Roubicek, and Rice & Efron,
for appellant.

William W. Griffin, for garnishee-appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, and McCOWN, JJ., and KOKJER, District Judge.

SMITH, J.

In question is the validity of a personal judgment that
a Minnesota court ordered on default by defendant.
Jurisdiction was based on domicile.

In the present proceeding plaintiff petitioned for regis-
tration of the judgment. The district court concluded
that the judgment was unenforceable, quashing a sum-
mons in garnishment and dismissing the petition. Plain-
tiff has appealed. The garnishee argues that the judg-
ment may not be enforced for two reasons: Defendant
was not domiciled in Minnesota, and the affidavit for
constructive service did not satisfy a condition precedent
to the exercise of jurisdiction.

The Minnesota court assumed jurisdiction under the
following rule: "The summons may be served by * * *
published notice in * * * the cases enumerated * * *
when there shall have been filed * * * an affidavit of
the plaintiff * * * stating the existence of one of such
cases, and that he believes the defendant is not a resi-

dent of the state, or cannot be found therein, and either that he has mailed a copy of the summons to the defendant at his place of residence or that such residence is not known to him. * * *

"Such service shall be sufficient to confer jurisdiction: (1) When the defendant is a resident individual having departed from the state with intent to defraud his creditors, or to avoid service, or keeps himself concealed therein with like intent; * * *." Rules Civ. Proc., rule 4.04, 27A M.S.A.

Plaintiff and defendant as wife and husband had made their permanent home in Polk County, Minnesota, for some time up to May 1950. In that month defendant deserted plaintiff and their three minor children. In September 1951, the district court for Polk County granted her an absolute divorce. Almost 14 years later she filed a complaint against defendant in the district court for Hennepin County, Minnesota. She alleged a right to recover the reasonable value of support that she had furnished to the minor children from 1950 through 1964. She filed with her complaint her affidavit as follows:

"* * * in 1950 defendant was a resident of this State and either concealed himself within the State or departed from the State to avoid support of his minor children; * * * since that time the plaintiff has made repeated attempts to locate the defendant * * * in order to force defendant to support his minor children; * * * the attorneys for plaintiff have made similar attempts to enforce defendant's support obligation; * * * defendant departed the State with the intent to defraud his creditors, namely plaintiff * * *; * * * plaintiff's attorneys have mailed copies of the summons and complaint herein to * * * (defendant in care of a resident of Tonkawa, Oklahoma) and to * * * (defendant in care of the garnishee at O'Neill, Nebraska) addresses at which it is believed defendant may receive such copies; * * * defendant has no place of residence known to plaintiff or her attorneys."

The court found that notification mailed to the address of the garnishee had been returned with the seal broken. Exercising personal jurisdiction after publication of summons, it ordered judgment for $19,068.75.

Other evidence was introduced at the hearing on the petition for registration. Warrants for the arrest of defendant had been issued, and public officials had been contacted in Minnesota, Illinois, and Oklahoma. There has been no suggestion of death, but defendant's whereabouts and home at any time subsequent to the desertion were unknown.

The objection to domiciliary jurisdiction is built on the long period of evasion, but proclivity for hiding hardly immunizes a fugitive from suit. "A state has judicial jurisdiction over an individual who is domiciled in the state. * * * An individual should not be able to escape liability by concealing himself from process or by departing to parts unknown. Everyone should therefore be subject to suit in at least one state even though personal service of process cannot there be made upon him at the time. * * * The rule is accordingly to the effect that a state has judicial jurisdiction over its domiciliaries even when they are absent from its territory. Milliken v. Meyer, 311 U. S. 457 (1940)." Restatement, Conflict of Laws 2d, Tent. Draft No. 3, § 79, p. 67.

"A domicil once established continues until it is superseded by a new domicil." Restatement, Conflict of Laws 2d, Tent. Draft No. 2, § 23, p. 87.

The alleged defect in the affidavit is an omission as to the residence of defendant at the time of the statement. The language should be given a reasonable interpretation. See, Skala v. Brockman, 109 Neb. 259, 190 N. W. 860; Frost v. Davis, 182 Okl. 593, 79 P. 2d 600. For present purposes it is tantamount to a direct assertion of domicile in Minnesota. The affidavit and the court rule are insufficient evidence of a local restriction upon authority, and the Minnesota court properly exercised jurisdiction.

In the registration proceeding the district court erred in quashing the garnishment summons and setting aside the registration. The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

KOKJER, District Judge, dissenting.

It is true, as held in the majority opinion, that a state has judicial jurisdiction over an individual who is domiciled in the state. It does not follow that a domicile existing in 1950 is a sound basis for holding, without more, that such domicile continued to exist in 1964.

Plaintiff seeks to have a Minnesota judgment registered in Nebraska. The Minnesota judgment was based on service by publication. The initial essential ground for jurisdiction had to be that defendant was a resident of Minnesota at the time the action there was filed. Plaintiff filed her suit in Minnesota in the year 1964. Her affidavit for service by publication stated that in 1950 defendant was a resident of Minnesota; that he either concealed himself within the state or departed therefrom to avoid support of his minor children; that plaintiff attempted, without success, to locate him; and that defendant has no place of residence known to plaintiff or her attorneys. Judgment was entered by default. The Minnesota court did not find that defendant was a resident of Minnesota in 1964. It found that defendant was a resident of Minnesota in 1950.

Authorization for service by publication must be based upon facts existing at the time such service is made. Leigh v. Green, 62 Neb. 344, 86 N. W. 1093. In that case the affidavit for service by publication was sworn to two days before the suit was filed, and was attacked for that reason. The court said: "The plaintiff insists that the affidavits were insufficient, and for that reason the court acquired no jurisdiction. * * * One objection urged against the affidavits is that they were sworn to some two days before the petitions were filed in the respective

cases. The argument on this point, as we understand it, is that between the making of the affidavit and the filing of the petition conditions might have changed so that service might have been had on the defendant in this state, or in some other way, so that the affidavit could not have been truthfully made at the time of filing. It is clear that the law must permit some interval to elapse between the making and the filing of the affidavit, because, strictly speaking, the two acts could not be simultaneous. This being true, the only question that can arise is what length of time it will permit to elapse between the two acts. The statute is silent on the subject; hence the inference is warranted that it will permit a reasonable time. Just what will be regarded as a reasonable time this court has not decided. However, in Armstrong v. Middlestadt, 22 Nebr., 711, it was held that an affidavit made one day before the petition was filed was sufficient. But in that case the court expressly disclaims any intention to go beyond the facts, and, of holding that an affidavit made several days before the commencement of the action would be sufficient. In our opinion, when the petition is filed within such time after making the affidavit that no presumption could fairly arise that the state of facts had changed in the interval, it is sufficient. Crombie v. Little, 47 Minn., 581; Snell v. Meservy, 91 Ia. 322. Applying this rule to the affidavits in question, we do not believe that any presumption of a change in the state of facts, during an interval of two days, could fairly arise."

As a foundation for jurisdiction in the Minnesota case the affidavit for service by publication must have disclosed, and the court must have been satisfied, that the defendant at that time had legal residence or domicile in Minnesota; or that such fact existed within such a reasonable time immediately prior to the commencement of the action that it could be presumed no change might have taken place.

I do not believe 14 years is a reasonable time. I can

agree, as stated in the majority opinion, that a domicile, once established, continues until it is superseded by a new domicile. I cannot agree that we can reasonably assume that a domicile has not been superseded by a new domicile in a period of 14 years just because we do not know what the facts are.

The Minnesota Supreme Court, in the case of Sheridan v. Sheridan, 213 Minn. 24, 4 N. W. 2d 785, held that a default divorce decree of an Iowa court, based upon service by publication, in favor of a husband domiciled in Iowa, from his wife who resided in Minnesota, was, upon principles of comity, recognized as terminating the marriage status as a judgment in rem but was ineffective as a judgment in personam.

It is my view that the Minnesota court did not obtain jurisdiction of defendant within the requirements of its own law and was without authority to enter a personal judgment against him. The district court in Nebraska came to this conclusion, and its judgment refusing to register the Minnesota judgment should be affirmed.

For the foregoing reasons I respectfully dissent.