WILLIAM ARMSTRONG, PLAINTIFF IN ERROR, V. JARGUS MIDDLESTADT, DEFENDANT IN ERROR.

22 711
62 349

1. **Foreclosure of Tax Lien:** SERVICE BY PUBLICATION. Where in an action to foreclose a tax lien on real estate, the petition and affidavit for publication were duly sworn to on the 5th day of March, 1883, in Madison county, Nebraska, and filed in the office of the clerk of the district court of Pierce county on the succeeding day, *Held,* That the affidavit for publication was sufficient to authorize service on the defendant by publication.

2. **Service by Publication.** Where by notice by publication a defendant was required to answer on the forenoon of the day on which by law the answer should have been filed, *Held,* That the notice was not therefore invalid, but that the defendant had the entire day in which to answer.

3. **Judicial Sale:** CONFIRMATION: NOTICE. The ten days' notice to the adverse party, provided in section 498 of the code, is necessary in all cases where it is sought to confirm a sale of real estate in vacation. Such notice is jurisdictional, and unless it has been given no valid confirmation can be had in vacation.

ERROR to the district court for Pierce county. Tried below before TIFFANY, J.

*C. C. McNish* and *Brome, White & Mapes,* for plaintiff

in error, cited : *Murphy v. Lyons*, 19 Neb., 689.    *Forbes v. Hyde*, 31 Cal., 342.    *Ellis v. Karl*, 7 Neb., 381.    *Blair v. West Point Mnfg. Co.*, 7 Id., 146.    *McGavock v. Pollock*, 13 Id., 536.    *In re Dill*, 32 Kan., 668.

*A. N. Childs* and *N. A. Rainbolt*, for defendant in error, cited : *Crowell v. Johnson*, 2 Neb., 156.    *Neligh v. Keene*, 16 Id., 408.    *Tracy v. Sacket*, 1 Ohio State, 54.

MAXWELL, CH. J.

In September, 1885, the plaintiff brought an action in the district court of Pierce county to recover the possession of one hundred and sixty acrès of land.    The defendant claimed title to forty acres of the land in controversy under a tax deed, and to the remainder of the tract, being one hundred and twenty acres, by virtue of the foreclosure of certain tax liens and a deed under the decree of foreclosure. On the trial of the cause the court rendered a decree for the plaintiff for the forty acres which the defendant claimed under a tax deed, and for the defendant for the one hundred and twenty acres which he claims under the foreclosure proceedings.

The plaintiff contends that the sheriff's deed under the tax foreclosure is void, for the following reasons :

*First*, the petition and affidavit for service by publication in the foreclosure action were filed in the district court of Pierce county on the 6th day of March, 1883, and both were sworn to on the preceding day; *Second*, that the publication notice was insufficient; and *Third*, want of authority to confirm the sale.

The record shows that the petition and affidavit for service by publication in the tax foreclosure action were sworn to in Madison county on the 5th day of March, 1883, and filed in the office of the clerk of the district court of Pierce county on the succeeding day.

Section 78 of the code provides that, " before service can

be made by publication an affidavit must be filed, that service of a summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section. When such affidavit is filed the party may proceed to make service by publication."

It will be seen that the statute does not require the petition to be filed before the affidavit is made. Fairly construed, we think that the act of verifying the petition, making the affidavit for publication, and the instituting of the action by filing the same in the office of the clerk of the district court of Pierce county, may be regarded as continuous acts in the bringing of the action to foreclose the tax liens. For aught that appears, the petition may have been verified and the affidavit for publication made late at night on the 5th day of March, 1883; and may have been filed in the office of the clerk of the district court of Pierce county soon after midnight, or early in the morning of the 6th day of March of that year. It must be presumed, too, if the defendant Culver was a non-resident of the state on the 5th day of March he continued to be such on the 6th. The affidavit for publication, therefore, was sufficient, and the objections raised to it are overruled. In sustaining this affidavit we do not wish to go beyond the facts in this case, and to hold that an affidavit made several days before the commencement of an action would be sustained. The affidavits in any case are merely *prima facie* evidence of the facts stated therein, and the defendant, notwithstanding, may show that he was a resident of the state and that service of summons might have been had upon him therein. The plaintiff in error, however, corroborates the affidavit in this case by introducing a deed to the land in controversy from Culver and wife to Armstrong, which deed shows Culver to be a resident of the state of Illinois.

2. The notice of publication in the foreclosure action

required the defendant to answer the petition on or before the 23d day of April, 1883, that being the proper answer day. It may be conceded that it was not in the power of the plaintiff to shorten or abridge the time in which the defendant could answer the petition, and notwithstanding the notice required him to answer in the forenoon, the right continued during the entire day. The defendant seems to have sustained no injury in consequence of the giving of this notice, and at most it was error without prejudice.

3. The third question presented is more serious. The motion and order confirming the sale are as follows:

"IN THE DISTRICT COURT OF PIERCE COUNTY, STATE OF NEBRASKA.

"Jargus Middlestadt v. The east half of the south-west quarter and the north-east quarter of the south-west quarter of section twenty-four, township twenty-five, range two W. 6 P. M., and George N. Culver. } Motion for order to confirm sale and for deed.

"Comes now plaintiff, and moves the court to issue an order in vacation confirming the sale of said real estate, and directing the sheriff of said county to make and deliver deed to the purchaser of said land without plaintiff being required to give notice of ten days to adverse party or his attorney, as provided by section 498, page 595, Compiled Statutes of Nebraska, for the reason that the owner of said land is unknown, and the residence of the said defendant Culver is unknown, and for the further reason that the summons in this action was served by publication.

"And now on this 11th day of December, 1883, this cause coming on to be heard in vacation, upon the return of the sheriff to the order of sale issued herein, and the report of the proceedings and the sale of said lands and tenements under said order of sale, and upon the motion of plaintiff for the confirmation of said sale and for order

to the sheriff to make purchaser a deed to said lands, the court finds that summons in this cause was served by publication; that the owner of said land is unknown; that the residence of defendant Geo. N. Culver is unknown; that no appearance in this cause has been made by or on behalf of said defendant land or of said defendant Culver, and that the ten days' notice to adverse party or his attorney of record, as provided by section 498, page 595, Compiled Statutes of Nebraska, 1881, for confirmation of sale, is not required to be given in this case, and the court, after having examined the proceedings in relation to said sale, and being satisfied that the same has in all respects been made in conformity with law, and that said sale is legal, it is hereby ordered that said sale and proceedings be and the same are hereby confirmed, and the sheriff of the said county of Pierce is hereby ordered to make to the purchaser a deed in fee simple for the lands and tenements so sold, and the clerk of the court for said Pierce county is hereby directed and required to enter on the journals of this court this present order.

"Done at chambers, at Albion, this 11th day of December, 1883.

"F. B. TIFFANY, *Judge.*"

Section 498 of the code provides that : "If the court, upon the return of any writ of execution or order of sale, for the satisfaction of which any lands and tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity to the provisions of this title, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed of such lands and tenements; and the officer, on making such sale, may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto,

agreeable to the order of the court; *Provided,* That the judge of any district court may confirm any such sale at any time after such officer has made his return, on motion and ten days' notice to the adverse party or his attorney of record, if made in vacation. When any sale is confirmed in vacation the judge confirming the same shall cause his order to be entered on the journal by the clerk."

It will thus be seen that the right of the judge to confirm a sale in vacation is derived from a special provision, conditioned that it shall be made on ten days' notice to the adverse party or his attorney of record. This notice is jurisdictional, and unless it has been given a judge has no authority to confirm a sale in vacation. There are many reasons why the court should strictly adhere to this rule. The property may have been appraised at a sum greatly beneath its value; liens may have been included which had been satisfied or released; mistakes may have been made by the appraisers to the detriment of the land-owner. The sale, until confirmed, is open to all just objections against its regularity and fairness, and every opportunity should be given to the party about to be deprived of his land to present any valid reasons against the confirmation of the sale. Therefore if the facts do not exist which authorize a confirmation in vacation, then no such confirmation can be had, and the motion to confirm cannot be acted upon until the sitting of the court. The confirmation of the sale, therefore, being without authority of law, is void, and there being no valid confirmation the sheriff's deed is ineffectual to convey the title.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.