33   319
e35   281
33   319
e38   534
33   319
f41   106

[No. 4754.   Decided December 3, 1903.]

L. H. WHITNEY, *Respondent,* v. JERRY D. KNOWLTON, *Appellant.*[1]

APPEAL—RECORD—REVIEW—AFFIDAVITS—HOW BROUGHT UP. Affidavits used upon a motion to vacate a default judgment must be brought up by bill of exceptions or statement of facts, in order to secure a review of questions of fact tried below on the affidavits.

ACTIONS—COMMENCEMENT—SUMMONS BY PUBLICATION—FILING AFFIDAVIT OF NONRESIDENCE—DELAY. A delay of three days after the verification in filing an affidavit of nonresidence on which publication of a summons in a tax lien forecloseure was secured, is not a fatal defect in the service invalidating the judgment, where no change occurred during the delay after making the affidavit, and there was no actual injury caused thereby.

JUDGMENT—VACATION OF DEFAULT—GOOD CAUSE TO BE SHOWN. Under Bal. Code, § 4880, a nonresident defendant, served by publication in a tax lien foreclosure, is not entitled to the vacation of a default judgment within one year as a matter of right, but good cause must be shown.

[1]Reported in 74 Pac. 469.

Appeal by defendant from an order of the superior court for Pierce county, Chapman, J., entered March 25, 1903, after a hearing upon affidavits, denying the motion of a nonresident defendant to vacate a default judgment for irregularities in the publication of the summons in a tax lien foreclosure.   Affirmed.

*Hiram C. Gill, Heber B. Hoyt,* and *Hermon S. Frye,* for appellant.   Where there is any doubt as to the justice of the motion, the default should be vacated.   *Cameron v. Carroll,* 67 Cal. 500, 8 Pac. 45.   An affidavit of merits was not required.   *Walla Walla Printing & Pub. Co. v. Budd,* 2 Wash. Ter. 336, 5 Pac. 602; *Mackubin v. Smith,* 5 Minn. 367 (5 Gil. 296).   The delay in filing the affidavit vitiated the service.   *New York Baptist Union etc. v. Atwell,* 95 Mich. 239, 54 N. W. 760; *Priestman v. Priestman,* 103 Iowa 320, 72 N. W. 535; *Armstrong v. Middlestadt,* 22 Neb. 711, 36 N. W. 151; *Adams v. Hosmer,* 98 Mich. 51, 56 N. W. 1051.   A nonresident may appear within one year and defend as a matter of right. *Lord v. Hawkins,* 39 Minn. 73, 38 N. W. 689; *Mueller v. McCulloch,* 59 Minn. 409, 61 N. W. 455.

*Fremont Campbell,* for respondent.

FULLERTON, C. J.—In 1898 the appellant was the owner of two certain lots in the city of Tacoma, which were duly assessed for that year by the proper authorities for state, county, and city taxes.   The taxes were suffered to become delinquent, and were paid by the respondent, who took out a certificate of delinquency therefor.   Subsequently the respondent paid the taxes for the years 1900 and 1901, and in August of 1902 commenced an action to foreclose his lien for the same.   Service of the summons in the action was made by publication.   No appearance was made by the

appellant, and judgment was entered in the proceedings as upon a default, foreclosing the lien and directing a sale of the property to satisfy the same. The property was afterwards sold on an execution issued on the judgment, at which sale the respondent became the purchaser, whereupon a deed of the property was issued to him. Afterwards, and prior to the expiration of a year from the date of the judgment, the appellant appeared and moved the court to vacate the default, set aside the judgment and cancel and declare void the deed, supporting his motion with sundry affidavits filed therewith. The respondent resisted the motion, filing counter affidavits, after which the matter was heard by the court, and the motion denied. This appeal is from the order denying the motion.

Three errors are assigned for reversal: (1) that the affidavit for publication of summons is false and untrue; (2) that the affidavit for publication of summons was not filed with the clerk of the court until three days after the same had been verified; and (3) that the applicant was entitled to have the sale set aside as a matter of right under § 4880 of the code.

The first objection urged calls for an examination of the evidence before the trial court, and this has not been brought here by the record. The questions of fact at issue were tried on affidavits, and the appellant has caused a part or all of them to be transcribed by the clerk, and certified into this court by that officer, as a part of the transcript. We have repeatedly held, that affidavits brought into this court in this manner cannot be considered; that before they can be considered they must be brought into the record by a bill of exceptions or statement of facts, and authenticated by the certificate of the trial judge, so that this court may know that it tries the questions of fact sub-

mitted upon the same evidence, and upon all the evidence, that the trial court had before it. This question was recently reviewed by the court in the case of *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487, where the cases will be found collected.

The affidavit of nonresidence, on which the publication of summons was based, was verified on August 15, 1902, and filed with the clerk of the court on August 18, 1902, and it is argued that such an unreasonable length of time elapsed between the time of verification and the time of filing as to render the service void. In *New York Baptist Union v. Atwell,* 95 Mich. 239, 54 N. W. 760, it was held that a delay of five days between the making and filing of the affidavit was fatal to the jurisdiction of the court, but in a subsequent case, *Adams v. Hosmer,* 98 Mich. 51, 56 N. W. 1051, a delay of three days was held not to be so. In *Armstrong v. Middlestadt,* 22 Neb. 711, 36 N. W. 151, a delay of one day was held not to be fatal, the court remarking that it did not wish to be understood as going beyond the facts of the case before it, or as holding that an affidavit made several days before the commencement of an action would be sustained. These are the only cases that have been called to our attention where the precise question involved has been touched upon or decided. To our minds, they are not conclusive against the sufficiency of the service shown here.

In matters of formal procedure, even though it be in proceedings so highly important as the process by which a party is brought into court, this court has never exacted anything more than a substantial compliance with the statute. Amendable defects, such as the one in question, have not been held fatal unless injury directly caused thereby has been shown, and it seems to us now that this is the

just rule. Any other usually leads to a sacrifice of substance to form, and to decisions which shock the sense of justice and right, even in minds trained to the technicalities of the law. Clearly, such would be the effect of a decision sustaining the contention made here. The defendant has had all the notice he would have received had the verification and filing been simultaneous, hence he has suffered no injury in that regard. He makes no contention that he in fact became a resident of this state between the time of the making of the affidavit and its filing, nor does he contend that between those dates the affiant, or any of the persons named in the affidavit, learned his post office address. There was therefore no actual injury; and to hold that injury must be presumed is not to promote justice, but is to violate the rights of a party who has parted with his property relying upon the correctness of the judgment of the court.

The last contention, viz., that the appellant was entitled to a vacation of the judgment as a matter of right, has no foundation in the section of the statute relied upon to sustain it. That section provides that a defendant may be permitted to come in and defend within one year after the rendition of judgment on a service had by publication "on application and sufficient cause shown." To apply within the year is not enough; the application must be accompanied by a showing of cause, and there is no such showing in the case before us.

There being no reversible error in the record, the judgment will stand affirmed.

HADLEY, DUNBAR, ANDERS, and MOUNT, JJ., concur.