[No. 3398.   Dec. 19, 1929.]

STATE v. WHITAKER.

[284 Pac. 119.]

O. O. Askren, of Roswell, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION BY THE COURT

CATRON, J.   This appeal is from a conviction and sentence for larceny.   The charge was by information verified in the following language:

"Houston Coffey being first duly sworn upon his oath states that he has read the above and foregoing information, knows the contents thereof and that the matters and things therein stated are true according to his best knowledge and belief."

In section 2, ch. 145, Laws of 1925, it is provided:

"All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

Appellant moved to quash the information on the ground that the same was not verified as required by law. This motion was overruled, and after trial, appellant again raised the same question by motion in arrest of judgment.

Appellant contends that a verification, "that the matters and things therein stated are true according to his best knowledge and belief," is a verification upon information and belief and violates section 2, ch. 145, Laws of

1925, and the constitutional provisions, both state and federal, prohibiting the issuance of warrants of arrest and placing defendant upon trial upon a complaint so verified.

· As interesting as the question might be, we feel that it is not properly before us. Appellant in his argument has assumed that the verification is upon information and belief. If his assumption be incorrect and the verification be in reality positive in its nature, then the premises essential to the question sought to be raised do not exist. We therefore examine the verification.

The verification states that the matters and things contained in the information are true according to affiant's best knowledge and belief. It does not say according to or upon "information and belief." It uses the words "best knowledge." Best knowledge is knowledge, and if the matters and things are true according to affiant's knowledge, then the addition of the words "and belief" neither add to nor detract from the positive character of the verification. Clearly best knowledge and belief is quite different from information and belief, the difference being that existing between "knowledge" and "information." Belief may rest either on knowledge or information. Facts known, and therefore believed, are positive.

In 31 C. J., Indictments and Information, p. 646, we find:

"When the verification is by a private person it must be positive and by one having actual knowledge of the facts, although a verification to the effect that the information is true according to the best knowledge and belief of the affiant has been sustained, in distinction from one merely on information and belief."

The same question was before the Supreme Court of Missouri in the case of State v. Bennett, 102 Mo. 356, 14 S. W. 865, 868, 10 L. R. A. 717, where the court, after careful consideration and review of authorities, reached the same conclusions here reached.

Appellant having relied entirely upon the false premises that the verification was upon information and belief, there is nothing further for us to consider.

Judgment of the trial court must be affirmed, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SIMMS, JJ., did not participate.