[File No. 6010.]

GUST JOHNSON, Respondent, v. EMIL G. RANUM and T. B. Rossum,

and

EMIL G. RANUM, Appellant.

(244 N. W. 642.)

Opinion filed July 28, 1932. Rehearing denied October 19, 1932.

*C. N. Cottingham,* for appellant.

*C. D. Aaker,* for respondent.

BURKE, J. This is an action to quiet title to Lots one, two, three, four and six, in Block thirty, and Lot fourteen, in Block fifteen, Original Townsite of Van Hook, Mountrail County, North Dakota. The complaint is in the regular statutory form claiming title in the plaintiff and praying that the defendants be required to set forth their claims, etc. The defendant, Ranum, answered, claiming to be the owner of Lots one, two, three, four and six in Block Thirty, Village of Van Hook,

and that prior to the sale of Lot fourteen, in Block fifteen to the defendant, T. B. Rossum, he was the owner of said Lot fourteen, in said Block fifteen, and all his claims of title to said property are based upon the following allegation in his answer: "That during the month of September, 1922, this defendant commenced an action in the district court against the above named plaintiff as defendant, in which action he demanded judgment for the sum of Two Thousand One Hundred Seventy-six and 55/100 ($2,176.55) Dollars with interest and costs of the action; that the provisional remedy of attachment was invoked in said action and under date of September 29, 1922, the sheriff of Mountrail County, North Dakota, levied upon all plaintiff's right, title and interest in and to said above described real property; that thereafter such proceedings were duly had in the District Court of Mountrail County, North Dakota, that on the 8th day of May, 1924, the then Sheriff of Mountrail County, North Dakota issued and delivered to this defendant his certain sheriff's deed covering and described the premises described in paragraph one (1) of plaintiff's complaint herein."

The defendant, Rossum, answered, claiming title by deed from the defendant, Ranum. The plaintiff replied to each answer, alleging that proceedings in attachment by Ranum against the plaintiff, Johnson, was fraudulent and the defendant, Ranum, an officer of the First National Bank of Van Hook, did fraudulently transfer to himself certain notes given by the plaintiff, Gust Johnson, to the First National Bank of Van Hook, and that the transfer of said notes to the defendant, Ranum, was after the notes had been fully paid. That the transfer was without consideration and the suit against the plaintiff on said notes was by service of summons by publication.

That the judgment mentioned in paragraphs five and six (in defendant's answer herein) is absolutely void from the beginning and the sheriff's deed described in said paragraph six is null and void and of no effect. In 1922 the plaintiff, Gust Johnson, was the owner of the property involved and also a hotel building in the village of Van Hook.

The trial judge found all the facts and conclusions of law in favor of the plaintiff and against the defendants and from a judgment duly ordered thereon the defendants appeal.

During the summer of 1922, the plaintiff, on account of domestic

trouble, left the country, and was not heard from until sometime in the year 1927, when he wrote to his daughter. In the meantime, his wife, Amanda Johnson, secured a divorce and married again.

It is the contention of the defendant, Ranum, that the plaintiff and Ranum were responsible to the purchasers of stock in the Standard Fur and Clothing Company, which had been organized by the plaintiff and after the plaintiff had disappeared, in order to clean up the debts of the fur company, he had Mrs. Johnson give a mortgage on the hotel at Van Hook for $2,500, which money he used to clean up the debts of the Fur Company; that he personally took up the notes which the plaintiff, Johnson owed to the bank in the sum of $2,176.55, upon which he sued the plaintiff, Gust Johnson, attaching the property involved and securing title to the same by a sheriff's deed on execution.

On the other hand, the plaintiff claims that after the disappearance of the plaintiff, Johnson, the defendant, Ranum, went to Mrs. Johnson, and in the presence of the plaintiff's daughter Edith, said that the plaintiff owed two notes at the bank; that Mrs. Johnson was to sign notes to take the place of the plaintiff's notes and then he was to take the old notes and start an attachment action on the property in order to get title to it and in that way he could protect the children; that he was doing it, not for himself, but for their benefit because they did not have any other means of support than the property; that they (Mrs. Johnson and the children) should be quiet about the arrangements and should not say anything about it to any one, that if they did some of the numerous creditors might come in and make trouble. Mrs. Johnson gave a note and mortgage to the First National Bank of Van Hook for $2,500, secured by mortgage on the hotel, which note and mortgage she subsequently paid in full and the defendant Ranum took the plaintiff's old notes, brought an action thereon, attaching the property involved and secured title to the property by a purchase and sale under execution issuing on a judgment on the original notes of Gust Johnson, which had been paid by Mrs. Johnson.

The judge of the district court finds the facts in accordance with the plaintiff's statement and further that the judgment introduced by the defendants to sustain their title was void for the reason that the service of summons by publication was void. The summons and complaint are dated on the 20th day of September, 1922 but the affidavit

for service by publication was sworn to on the 3rd day of September, 1922, seventeen days before the summons and complaint were issued. The statute contemplates an affidavit made at or after the time of the filing of the verified complaint. That is it must show that the facts required by the statute exist at that time, and an affidavit made seventeen days before the institution of an action and the filing of the complaint is invalid and does not confer jurisdiction upon the court.

It is also claimed that the affidavit for service of summons by publication is on information and belief and that the return of the sheriff was not filed until after the publication of the summons. The record does show that the summons and pleadings in the case were given to the sheriff for service and that he made his return as required by subdivision three of Section 7428 but this return was not filed until long after the summons was published. Upon the whole record the service of the summons by publication was insufficient and the judgment is void.

In an unbroken line of decisions this court has held that in order to get jurisdiction where the service is by publication, the statute must be strictly followed. Johnson v. Engelhard, 45 N. D. 11, 176 N. W. 134; Hughes v. Fargo Loan Agency, 46 N. D. 26, 178 N. W. 993; Miller v. Benecke, 55 N. D. 231, 212 N. W. 925; Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 145 N. W. 587, 51 L.R.A.(N.S.) 597; Paul v. Green, 49 N. D. 319, 191 N. W. 469. See also Johnson v. Bruflat, 45 S. D. 200, 186 N. W. 877.

In the case of Roberts v. Enderlin Invest. Co. 21 N. D. 594, 132 N. W. 145, the court said: "In a case arising under subdivision 3 of § 6840 of the Code, (7428 Compiled Laws, 1913) the filing of the return of the sheriff, therein specified, prior to the first publication of the summons, is a jurisdictional prerequisite, and a failure to so file such return is fatal to the validity of the service of the summons by publication."

There is no merit in the contention that the judgment obtained by Ranum cannot be attacked collaterally in this action. The judgment was void from the beginning. It protected no one acting under it and constituted no hindrance to the prosecution of any rights. 1 Bailey, Jurisdiction, § 29, p. 27; Elliott v. Peirsol, 1 Pet. 328, 7 L. ed. 164; Ex parte Kearny, 55 Cal. 212; Ex parte Lange, 18 Wall. 163, 21

L. ed. 872; Ex parte Milligan, 4 Wall. 131, 18 L. ed. 299; Ex parte Wilson, 114 U. S. 417, 29 L. ed. 89, 5 S. Ct. 930; 1 Freeman, Judgm. 4th ed. pp. 176, 183, 196, §§ 116, 120, 120 C; 1 Freeman, Judgm. 5th ed. pp. 643 and 644, § 320.

The defendant presents as a basis for his claim of title, a judgment which is void for want of service of summons and as a matter of course a title resting upon a void judgment fails. In other words, there is no judgment and no title in the defendant Ranum. The defendant Ranum not having title could not convey title to the defendant, T. B. Rossum, and besides the evidence sustains the findings of the trial court that the defendant Rossum, before he purchased from the defendant Ranum, had notice of the defect in Ranum's title.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.

(On Petition to Remand and for a Rehearing.)

BURKE, J. Appellants have petitioned the court for an order remanding this case to the district court of Mountrail County for the purpose of determining the actual date of the making of the affidavit for publication of the summons in the attachment action of Emil Ranum against Gust Johnson and that the determination of the appeal be held in abeyance, in this court, until such issue has been determined in the trial court and certified to this court for a further consideration on rehearing of said case in said court.

The plaintiff brings the instant action to quiet title to certain lands. The defendants set up claim of title to the said lands and in support of their claim of title they offer the judgment in the case of Emil Ranum against Gust Johnson, which is received, as evidence in the case. There is no other evidence of defendants' title to the land in question, outside the record in the former case. The summons, in the case of Ranum against Johnson, was served by publication and an affidavit for service shows on its face that it was sworn to seventeen days before the summons and complaint was issued. The defendant now asks to have this record returned for the purpose of showing that

the affidavit was actually sworn to on the 3rd day of October and after the complaint and summons had been issued.

The record, which appellant asks to have corrected, was not made in the instant case but in the former case in which judgment was rendered and entered in 1923. The record is in this case only as evidence. We have no jurisdiction over the case in which the record was made. It is not here for review and we have no authority to order an amendment of a record which is only before this court as evidence in another case.

The petition is denied.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.