LEE COMAN, Respondent, v. D. WILLIAMS, also known as
Dan Williamson and Morrison Fur Company, a corpora-
tion (third party claimant), Appellant.

(50 NW2d 494)

Opinion filed Oct. 31, 1951.   Rehearing denied Jan. 4, 1952

*J. K. Murray,* for appellant.

*John A. Zuger,* for respondent.

562

[redacted]

MORRIS, Ch. J. This is an appeal from an order overruling a motion by a third party claimant to discharge an attachment. On July 27, 1950, a summons was issued by the plaintiff and directed to D. Williams, also known as Dan Williamson, defendant. At the same time, a complaint was issued seeking the recovery of $700.00 alleged to have been paid for the purchase of certain goods induced by the false representations of the defendant. On the same date the summons was issued, the plaintiff executed and filed with the Clerk of the District Court of Burleigh County, North Dakota, an affidavit for attachment, setting forth that the defendant had absconded or concealed himself and that the debt upon which the action was commenced was incurred for property obtained under false pretenses. The attachment was perfected by the issuance of a warrant of attachment under which the sheriff of Burleigh County levied upon certain personal property. Personal service could not be made of the summons in the action because the defendant could not be found, and the sheriff made his return accordingly, on (July) August 31, 1950, and on the same day, plaintiff's attorney executed an affidavit for publication of summons, and the summons that had been issued was published on August 3, 10, and 17, 1950, as appears by the affidavit of the publisher.

In the meantime, and on August 1, 1950, Morrison Fur Company, a corporation, through its attorney, filed a third party

claim to the property attached. The plaintiff then furnished the sheriff with an undertaking to indemnify him against the claim. (Section 32–0813 RCND 1943). On September 7, 1950, the defendant, through his attorney, served a notice of special appearance and objection to the jurisdiction of the court excepting to the validity of the summons upon grounds which will be discussed in detail in connection with a subsequent challenge to the validity of the summons by the third party claimant. The plaintiff moved to amend the summons. Both motions were heard at the same time. The trial court overruled the defendant's objection to the jurisdiction of the court and granted plaintiff leave to amend the summons. Thereafter, the Morrison Fur Company, as third party claimant, attacked the validity of the summons and the validity of the affidavit of publication in the main action by a motion to discharge the attachment. The trial court overruled the motion to discharge the attachment and the third party claimant appeals.

The property of the defendant may be attached at or after the commencement of an action in certain cases specified in Sections 32–0801 and 32–0802 RCND 1943. Section 32–0803 RCND 1943 provides that an action shall be deemed commenced within the meaning of these sections: "when the summons is issued, but personal service of such summons must be made or publication thereof commenced within sixty days after the issuance of the warrant of attachment."

The warrant of attachment herein was issued on the 27th day of July, 1950. Publication of the summons was commenced well within the sixty day period. The third party claimant, Morrison Fur Company, contends that the summons as issued and published does not conform to the requirements of the statute and is fatally defective, and that therefore the attachment, which is dependent upon the commencement of the action by the issuance of a valid summons, must fall and the motion for dismissal of the attachment must prevail.

Section 28–0502 RCND 1943 provides: "The summons in a civil action in a district court shall contain the title of the action, shall specify the court and county in which the action is brought, and shall specify the names of the parties to the action. It shall

be subscribed by the plaintiff or his attorney, who shall add to his signature his post office address."

Section 28–0503 RCND 1943 sets forth a form of summons and provides that, exclusive of the title of the action and the subscription, the summons shall be in substantially the prescribed form. The summons in this case complies with both of the sections of the code just referred to. It is as follows:

"STATE OF NORTH DAKOTA  IN DISTRICT COURT
COUNTY OF BURLEIGH  FOURTH JUDICIAL DISTRICT

---

"Lee Coman, Plaintiff
    vs.
D. Williams, also known as  *Summons*
Dan Williamson, Defendant

---

"THE STATE OF NORTH DAKOTA TO THE ABOVE NAMED DEFENDANT:—

You are hereby summoned to answer the complaint of the plaintiff in the above entitled action, and to serve a copy of your answer upon the undersigned, in the City of Bismarck, in the County of Burleigh, and State of North Dakota, within thirty days after the service of this Summons upon you, exclusive of the day of service, and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the complaint.

"Dated this 27th day of July, 1950.

> s/ Zuger & Zuger by John A. Zuger
> ZUGER AND ZUGER
> Attorneys for the Plaintiff
> Dakota National Bank Building
> Bismarck, North Dakota"

The summons was not personally served. It was served by publishing it in full as above set forth in accordance with the provisions of Section 28–0622, 1949 Supp. to RCND 1943.

Section 28–0504 RCND 1943 provides that a copy of the complaint need not be served with the summons, but in such case the

summons shall state that the complaint is or will be filed with the clerk of the district court in the county in which the action is commenced. The statement required by this section was omitted in the summons, both as issued and as published. This the third party claimant contends is fatal to the jurisdiction of the court and that no action was commenced which could be made the basis of an attachment.

Section 28–0505 provides: "Where the summons in a civil action in a district court states that the complaint is or will be filed with the clerk of the district court and the same is not so filed within thirty days after the date of such summons, the action will be deemed discontinued."

The complaint in this case, although not mentioned in the summons or served with it, was filed in the office of the clerk of the district court of Burleigh County on July 27, 1950, which was the date that the summons was issued.

There is presented by this record the question whether the omission of the requirement of Section 28–0504 that the summons shall state that the complaint is or will be filed with the clerk of the district court in the county in which the action is commenced is fatal to the jurisdiction of the court and is an unamendable defect in the summons, although the complaint is actually filed in compliance with the requirement of Section 28–0505.

Section 28–0632 provides that: "At any time, in its discretion, and upon such notice and terms as it deems just, the court may allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

This section is a statement of the liberal amendment rule formerly found in Section 7482 CLND 1913 and is a legislative declaration that amendments may be allowed in the absence of a showing that material prejudice to the substantial rights of the party resisting the amendment would result from its allowance. If the process is so defective that it is absolutely void, there is a complete absence of power on the part of the court to amend. The jurisdiction of the court rests upon the process and the court

can obtain no jurisdiction through a void process, and it follows that such a process cannot be amended. Our summons, which we commonly call process, is a statutory notice to the defendant that he is being sued by the plaintiff and, as Section 28–0502 RCND 1943 requires, must specify the court and county in which the action is brought, and thus advise the defendant in what court he is being sued. It must specify the names and parties to the action so that the defendant may know that he is a party against whom the action is brought, and it must be subscribed by the plaintiff or his attorney, who is required to add to his signature his post office address, and thus advise the defendant who is seeking redress against him and where that person or his attorney may be found. All these statutory prerequisites are present in the summons under consideration. The summons is defective for failure to state that the complaint which is required to contain a plain and concise statement of facts constituting the cause of action is or will be filed with the clerk of the district court in the county in which the action is commenced.

Our search for authority has brought only a meager reward. In Wasatch Livestock Loan Company v. District Court, 86 Utah 422, 46 P2d 399, it was held that under the Utah statutes an action may be commenced either by the filing of the complaint with the court in which the action is brought or by service of summons, and that a summons served on the defendant in a district court action which failed to state either alternative was fatally defective. Under our statutes an action may not be commenced by filing a complaint. "Civil actions in the courts of this state shall be commenced by the service of a summons." Section 28–0501 RCND 1943. We do not deem this decision to be persuasive because of the differences in statutory provisions.

In Minnesota where actions in the district court are commenced by service of summons, it is held that the failure to file or serve the complaint at the time of service of the summons is only an irregularity. Sievert v. Selvig, 175 Minn 597, 222 NW 281; Millette v. Mehmke, 26 Minn 306, 3 NW 700; Houlton v. Gallow, 55 Minn 443, 57 NW 141.

Many instances of defective process and whether the defects

can be cured by amendment are commented upon in 42 Am Jur, Process, Section 21 and 72 CJS, Process, Section 10b, and cases cited in those authorities.

The only case we have been able to find that seemingly involves facts closely similar to those before us is Foster v. Wood, 30 Howard's Practice Reports 284. In that case the summons served upon one of the defendants "was irregular, as it was in the form prescribed by law for the case in which a copy of the complaint is served with the summons, and that no complaint was served with it, nor did it state where the complaint would be filed." Concerning this defect, the court said: "The omission to serve with the summons a copy of the complaint, or, no complaint having been served, to state in the summons where it was or would be filed, did not render the judgment void. It was an irregularity of which advantage could be taken by motion, for the court acquired jurisdiction by the service of the summons, and a defect like this in the form of it was amendable."

We turn now to our own decisions which are in keeping with the spirit of the liberal rule expressed by Section 28–0632 RCND 1943 and its predecessor, Section 7482 CLND 1913. The district court has power to permit an amendment of a summons and a summons that is amendable is not void. James River National Bank v. Haas, 73 ND 374, 15 NW2d 442, 154 ALR 1005.

In Barnes Amusement Co. v. District Court, 66 ND 727, 268 NW 897, a summons was attacked upon the ground that it failed to comply with the requirements of Section 7422 CLND 1913 (28–0503 RCND 1943). The summons recited that the defendant is required to answer the complaint which will be filed in the office of the clerk of the district court within thirty days after the service of such complaint upon the defendant, instead of "within thirty days after the service of this summons" as set forth in the form prescribed by Section 7422. In disposing of that issue we said: "We hold, therefore, that section 7422 is directory only and that any form of summons which meets the requirements of section 7421 and fulfills the purposes of a summons, that is, that apprises the defendant that the plaintiff in the action seeks judgment against him, is sufficient to confer jurisdiction upon the court wherein its venue is fixed."

The summons before us complies fully with Section 28–0502 (Sectio 7421 CLND 1913). A copy of the complaint was actually filed wi h the clerk of the district court but the summons neglected to s y so. The defendant was informed as to the court in which was being sued and by whom. The name and post office addre of the attorney bringing the suit was given. We hold that ti summons was sufficient to constitute a commencement of the action against the defendant and to notify him that the action had been commenced. Thus the court obtained jurisdiction of the defendant and might properly, as it did, order the amendment of the defective summons. The appellant in this case being a third party claimant to whom a bill of sale transferred title to property attached, after levy, is bound by the process as amended.

Lest it should be argued that service being by publication and not by personal service, the rule of liberality as to amendments should not prevail and the statute should be strictly construed and applied, we will say that if the defendant read the summons as published there was conveyed to him the same information that would have been conveyed by personal service. On the other hand, if he did not read the published summons and was not aware of its publication, his position with respect to notice would not have been bettered had the summons contained the statement that the complaint had been filed with the clerk of the district court of Burleigh County.

The only case cited by the appellant is Star v. Mahan, 4 Dak 213, 30 NW 169. In that case the statement of the time and place of filing the complaint was at the foot of the summons rather than in the body of it and the court held that the statement was intended as a part of the summons and was to be considered as such. That decision is not helpful here.

The third party claimant further challenges the validity of the attachment on the ground that the affidavit for publication of summons is fatally defective for failure to contain statutory recitals.

As a prerequisite for the service of a summons by publication Section 28–0621 RCND 1943 requires, among other things, that there shall be filed with the clerk of the district court of the

county in which the action is commenced an affidavit stating one of the grounds for service by publication as specified in Section 28–0620. Section 28–6020 sets forth four cases in which a summons may be served by publication, the fourth being:

"When personal service cannot be made upon such defendant in this state to the best knowledge, information, and belief of the person making the affidavit mentioned in section 28–0621, and such affidavit is accompanied by the return of the sheriff of the county in which the action is brought stating that after diligent inquiry for the purpose of serving such summons he is unable to make personal service thereof upon such defendant."

It is under this provision that service by publication was sought to be made in this case. The plaintiff filed an affidavit of publication accompanied by the return of the sheriff. The return complied with the statute, but the affidavit contained this variation: the affidavit stated "that the place of defendant's residence is not known to this affiant; that personal service cannot be made upon said defendant within this state to this affiant's knowledge, information and belief," thus omitting the word "best" which is contained in the statute.

The plaintiff invokes the rule that is well settled in this state that proceedings for securing service by publication must strictly comply with statutory provisions. Paul v. Green, 49 ND 319, 191 NW 469; Roberts v. Enderlin Investment Co., 21 ND 594, 132 NW 145; Atwood v. Tucker, 26 ND 622, 145 NW 587, 51 LRA NS 597; Johnson v. Engelhard, 45 ND 11, 176 NW 134. However, we do not understand the rule of strict compliance to require the invariable use of the exact language of the statute. Ordinarily it should be sufficient to state in the affidavit for publication those things which the statute requires in words or phrases of the same meaning as those of the statute, or importing nothing less than the statutory requirement. Does the omission of the word "best" weaken the statement which the statute requires the affiant to make? We think not.

Appellant cites State v. Whitaker, 34 NM 477, 284 P 119, which supports our view rather than that contended for by the appellant. The case deals with a verification upon a criminal information and the court says: "The verification states that the

matters and things contained in the information are true according to affiant's best knowledge and belief. It does not say according to or upon 'information and belief.' It uses the words 'best knowledge.' Best knowledge is knowledge, and if the matters and things are true according to affiant's knowledge, then the addition of the words 'and belief' neither add to nor detract from the positive character of the verification. Clearly best knowledge and belief is quite different from information and belief, the difference being that existing between 'knowledge' and 'information.' Belief may rest either on knowledge or information. Facts known, and therefore believed, are positive."

The word "best" as used in our statute is comparative and implies that the affiant might have other knowledge, information, and belief and still be entitled to make the affidavit upon his best knowledge, information, and belief. When the word "best" is omitted the statement becomes positive rather than comparative. The statement made in the affidavit with the word "best" omitted is stronger than that required by the statute and fully meets the test of the rule of strict compliance.

We reach the conclusion that the defect in the summons rendered it voidable and not void. The summons conferred jurisdiction upon the court and was amendable. The affidavit for publication of summons fulfilled the statutory requirements and was therefore a proper basis for a valid publication of summons. The third party claimant, Morrison Fur Company, is not entitled to have the attachment dismissed. The order appealed from is affirmed.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.