**BARTELL v. MORKEN et al.**

No. 7412.

Supreme Court of North Dakota.

July 1, 1954.

Rehearing Denied July 23, 1954.

Q. R. Schulte, Stanley, for plaintiff and appellant.

Earl Walter, Bowbells, for defendant and respondent, Selmer Morken.

Swendseid & Bekken, Stanley, and Cox, Cox, Pearce & Engebretson, Bismarck, for defendant and respondent, Stanolind Oil & Gas Co.

MORRIS, Chief Justice.

The plaintiff, Bertha L. Bartell, brings this action in statutory form, Section 32–1704, NDRC 1943, to determine adverse claims to and recover the value of the use and occupation of Lots 3, 4, 5, and 6 of Section 6, Township 158, Range 91 in Mountrail County.

The defendant, Selmer Morken, by separate amended answer, denies the allegations of the complaint and with more particularity than we need set forth here alleges that Mountrail County obtained a tax deed to the premises involved on May 21, 1938, which was recorded in the office of the register of deeds of that county on July 25, 1938, and that on March 4, 1946, the county deeded the land to the defendant, Selmer Morken, which deed was recorded on March 6, 1946.

Morken further alleges that on August 8, 1951, in an action in which he was plaintiff and Niels C. Larsen, his unknown heirs or devisees if deceased, and all other persons unknown claiming estate or interest in or lien or encumbrance upon the property described in the complaint, were defendants, a judgment was entered decreeing Selmer Morken to be the owner in fee simple and absolute of the premises herein involved and that a certified copy of that judgment was recorded in the office of the register of deeds of Mountrail County on August 8, 1951.

As a further defense Selmer Morken alleges that he and his grantor, Mountrail County, have been in open, adverse, and undisputed possession of the land since May 21, 1938, and have paid all taxes legally assessed and levied against it and that the plaintiff is now barred from asserting her claim by the provisions of Section 47–0603, NDRC 1943, as amended by Chapter 276, SLND 1951, and by the provisions of our residuary statute of limitations, Section 28–0122, NDRC 1943.

The defendant, Stanolind Oil and Gas Company, a corporation, by its amended separate answer, sets forth by way of counterclaim that it is the assignee of the lessee of an oil and gas lease executed by Selmer Morken, as lessor, to Jeff Hawks, as lessee, on May 23, 1949, which is now in full force and effect. This defendant also sets forth substantially the same matters as does the answer of Selmer Morken with respect to the tax deed of Mountrail County, the deed to Selmer Morken, the previous judgment determining him to be the owner of the fee simple title to the land, adverse possession, and statutes of limitation. Both defendants pray that their titles and interests in the land be quieted as against the claims of the plaintiff. The plaintiff, by appropriate reply, has denied the new matter contained in the answer and counterclaim of the defendant Stanolind Oil and Gas Company.

Upon order of the trial court judgment was entered decreeing that Selmer Morken is the owner of and entitled to immediate possession of the property involved and that the Stanolind Oil and Gas Company has a valid and existing oil and gas lease for the purpose of exploring and producing oil and gas upon the premises. The plaintiff appeals to this court and demands a trial de novo.

On December 31, 1929, Niels C. Larsen of Viborg, South Dakota, became the owner of the premises involved in this action by virtue of a warranty deed executed by the then record owner of the land. On December 8, 1931, the property was sold to Mountrail County at tax sale for nonpayment of taxes for the year 1930. On May 21, 1938, a tax deed was issued to Mountrail County. This tax deed was void for various reasons, among them being that the notice of expiration of the period of redemption stated the amount of taxes due in one lump sum and included therein tax-

es which had been delinquent for less than three years prior to the service of the notice. Grandin v. Gardiner, N.D., 63 N.W. 2d 128. Mountrail County nevertheless went into possession and leased the land to the defendant Selmer Morken. On March 4, 1946, the county executed and delivered a tax deed to Morken, who continued in possession. On May 4, 1951, Selmer Morken instituted an action to determine adverse claims to the property against "Niels C. Larsen, his unknown heirs or devisees if deceased; and all other persons unknown claiming estate or interest in or lien or encumbrance upon the property described in the Complaint herein, Defendants." On August 8, 1951, judgment was entered in that action in the district court of Mountrail County determining

"That the Plaintiff, Selmer Morken, is owner in fee simple of the premises hereinafter described, and his right and interest in said premises is hereby declared and established as owner in fee simple and absolute.

"That the interests of all Defendants, hereinabove described, are hereby quieted, and they are forever debarred from any and all claims of right or title to the said premises, or lien or encumbrance upon said premises, which they had precedent to the beginning of the action; that the same applies to anyone claiming title through any of the said Defendants, or any person unknown claiming estate or interest in or lien or encumbrance upon the property, before the commencement of this action, which was as of the 4th of May, 1951."

The present action of Bertha L. Bartell to determine adverse claims to the same land is a collateral attack upon the former judgment. 31 Am.Jur., Judgments, Section 616; 44 Am.Jur., Quieting Title, Section 97; Johnson v. Ranum, 62 N.D. 607, 244 N.W. 642; Kalb v. German Savings and Loan Society, 25 Wash. 349, 65 P. 559, 87 Am.St.Rep. 757.

The district court is a court of general jurisdiction and it is presumed that its judgments are regularly and validly entered. Olson v. Donnelly, 70 N.D. 370, 294 N.W. 666. However, if from the record upon which the judgment is based it affirmatively appears that the court had no jurisdiction of the controversy or of the defendant, the judgment is void and may be collaterally attacked or impeached. Black on Judgments, 2nd Ed., Section 278; Freeman on Judgments, 5th Ed., Section 322; 31 Am.Jur., Judgments, Section 604; 49 C.J.S., Judgments, § 425.

The plaintiff in this action asserts that the judgment quieting title in Selmer Morken is void because of the failure of the court to obtain jurisdiction over the persons of the defendants in that action. Service on the defendants was obtained by publication and the plaintiff invokes the rule that proceedings for securing service by publication must strictly comply with statutory provisions. Coman v. Williams, 78 N.D. 560, 50 N.W.2d 494; Johnson v. Ranum, 62 N.D. 607, 244 N.W. 642; Paul v. Green, 49 N.D. 319, 191 N.W. 469; Roberts v. Enderlin Investment Co., 21 N.D. 594, 132 N.W. 145; Atwood v. Tucker, 26 N.D. 622, 145 N.W. 587, 51 L.R.A., N.S., 597; Johnson v. Engelhard, 45 N.D. 11, 176 N.W. 134.

This being an attack on the judgment rendered in favor of Selmer Morken on August 8, 1951, in an action to determine adverse claims to the property involved in this action, we examine the record upon which that judgment was rendered and the statutes pertaining thereto, in order to ascertain whether the defects pointed out by this plaintiff render that judgment absolutely void. One known defendant was named in the summons and complaint, Niels C. Larsen, who then was the record owner of the land according to the records in the office of the register of deeds of Mountrail County. All other persons were named as "his unknown heirs or devisees if deceased; and all other persons unknown claiming estate or interest

in or lien or encumbrance upon the property described in the Complaint * * *." The plaintiff, Bertha L. Bartell, has filed in the present action her own affidavit and that of her brother setting forth that they are children of Niels C. Larsen who died on May 7, 1931, at Viborg, South Dakota. The purpose of filing these affidavits undoubtedly was to establish that Bertha L. Bartell was an heir of the record title owner, Niels C. Larsen, and therefore entitled to maintain the present action to quiet title. Section 30-2401, NDRC 1943; Belakjon v. Hilstad, 76 N.D. 298, 35 N.W.2d 637. These affidavits are important for another reason. They establish that Niels C. Larsen died some twenty years before the action in which the judgment was rendered was started by Selmer Morken. Title to the property here involved passed to the heirs of Niels C. Larsen upon his death. Belakjon v. Hilstad, supra; Hoffman v. Hoffman's Heirs, 73 N.D. 637, 17 N.W.2d 903. At the time Selmer Morken started his action to determine adverse claims there was no such person as Niels C. Larsen that could be made a party to the action, although he appeared to be the owner of the land according to the records. His title had passed some twenty years before to his heirs and at the time the action was brought that title was held by the heirs or their successors in interest. The appearance of the name of Niels C. Larsen as a party defendant could add or detract nothing with respect to the validity of the service by publication. The appearance of his name was a complete nullity. Any defects in the procedure attempting to secure service upon Niels C. Larsen which are applicable exclusively to him can have no effect on the validity of the service upon other persons as unknown defendants. See Howell v. Garton, 82 Kan. 495, 108 P. 844. We would observe, however, that the name of Niels C. Larsen, the former owner, appearing upon the summons and complaint does add to the identification of the title to the land and may tend to attract the notice of interested persons, although it has no bearing upon the legal sufficiency of the proceedings.

There is but one issue that can be raised by the plaintiff in this collateral attack upon the former judgment and that is whether valid service was obtained upon the heirs of Niels C. Larsen as unknown defendants. This being an action to determine adverse claims, we turn to Section 32-1707, NDRC 1943 to ascertain how such service may be obtained. This section provides:

"Service of the summons in an action may be had upon all unknown persons defendant by publication in the manner provided by law for service by publication upon defendants whose residence is unknown, but as to such unknown persons defendant the affidavit for publication shall be required to state in substance the following facts: That the interests of such unknown persons defendant in the land described in the complaint are not shown of record in the office of the register of deeds, the clerk of the district court, or the county auditor of the county in which such land lies, and the affiant does not know and is unable to ascertain the names, residences, or post office addresses of any of the persons who are proceeded against as unknown persons defendant. The affidavit or complaint shall show further that the relief sought in the action consists wholly or partly in excluding the defendants from any interest in or lien upon specific real property in this state, and where jurisdiction is sought to be obtained against unknown persons under the provisions of this section the summons shall state where the complaint is or will be filed, and there shall be subjoined to the summons as published a notice signed by the plaintiff's attorney containing a description of the land to which such action relates. Unknown corporations claiming interests are included within the word 'persons' as used in this chapter."

The affidavit for publication states in substance that it is made by Earl Walter,

attorney for the plaintiff Selmer Morken; that the interests of "the persons unknown respondents herein" in the land described in the complaint are not shown of record in the offices of the register of deeds, clerk of the district court, or county auditor of Mountrail County; that the affiant made personal search in those offices for the purpose of ascertaining such interests and that the affiant does not know and is unable to ascertain names, residences, or post office addresses of any of the persons who are proceeded against "as unknown respondents." The complaint which is attached to and made a part of the affidavit shows that the relief sought in the action consists in excluding the defendants from any lien or interest in the property described in the complaint, which is the property involved in the present action. Also attached is a summons in the usual form, to which is appended a "Notice of No Personal Claim" which states that:

"Notice is hereby given that the above entitled action is brought for the purpose of quieting title in and to the Plaintiff in the following described real estate, situated in Mountrail County, North Dakota, to-wit: (describing the property) and that no personal claim is made against you or either of you."

Aside from using the term "respondents" instead of "defendants," which we do not regard as a jurisdictional defect, the affidavit for publication conforms to the requirements of Section 32-1707, NDRC 1943 with respect to unknown defendants and if properly filed constitutes a jurisdictional basis for the publication of summons.

The next jurisdictional challenge rests upon the execution and filing of the affidavit of publication. The record shows that the summons was dated at Bowbells, North Dakota, May 4, 1951, as was the complaint. On the same date the complaint was verified before a notary public in Burke County. The affidavit was sworn to before a notary public in Burke County on May 4, 1951. All of these instruments were filed in the office of the clerk of the district court of Mountrail County on May 7, 1951. The summons, to which is attached the notice of no personal claim, was published in the Mountrail County Promoter, a weekly newspaper published in the city of Stanley in Mountrail County, on May 10, May 17, and May 24, 1951. Section 32-1707 NDRC, supra, requires that service of the summons be had upon unknown defendants "by publication in the manner provided by law for service by publication upon defendants whose residence is unknown, * * *." The publication of the summons complies with the provisions of Section 28-0622, NDRC 1953 Supp. Section 28-0621, NDRC 1943 provides that:

"Before service of the summons by publication is authorized in any case, there shall be filed with the clerk of the district court of the county in which the action is commenced a verified complaint setting forth a cause of action in favor of the plaintiff and against the defendant and also an affidavit stating one of the grounds for service by publication specified in section 28-0620 and also stating the place of defendant's residence if known to the affiant, and if not known, stating that fact, and also stating, unless the complaint shows: * * *

"3. That the relief sought in the action consists wholly or partly in excluding the defendant from any interest in or lien upon specific real or personal property within this state, or in enforcing, regulating, defining, or limiting such interest or lien in favor of either party to the action or otherwise affects the title to such property; * * *."

The affidavit in question complies with this section insofar as it requires that the affidavit be filed before publication of the summons and there is also filed therewith a verified complaint setting forth a cause of action in favor of the plaintiff and against the unknown defendants. Krumenacker v. Andis, 38 N.D. 500, 165 N.W. 524. The affidavit also states that the residences of the unknown defendants are not known to the affiant, which would.

seem a logical consequence since the defendants themselves are unknown. The complaint that was filed shows that the requirements with regard to the nature of the cause of action have been met. There remains with respect to this section the question of whether the affidavit for publication must also state "one of the grounds for service by publication specified in section 28–0620" in order to secure valid service by publication on unknown persons defendant. This question we answer in the negative for these reasons: Section 28–0620 sets forth four grounds for obtaining service by publication, all of which pertain to known defendants. A careful reading of these grounds discloses that none of them apply to unknown persons defendant. Section 32–1707 sets forth the grounds for service by publication on unknown persons defendant. The affidavit in question meets the requirements of this section and as to such persons it is sufficient in form.

We also point out in answer to a further objection by the plaintiff as to the validity of these proceedings that there is no requirement as to unknown parties defendant that the sheriff make a return stating that after diligent inquiry for the purpose of serving the summons he is unable to make personal service upon such defendants. The absurdity of such a return is apparent. To require the sheriff to make a return in a civil action showing that he has made diligent search and inquiry for persons unknown and whose interests are unknown would be a completely idle and unfruitful act and one which the law does not contemplate.

It is further and emphatically asserted that the affidavit of publication wholly fails as a basis for a valid publication of the summons in this case because it was sworn to on May 4, 1951, and not filed in the office of the clerk of the district court until three days later, May 7, which was also the date of the filing of the complaint. In Johnson v. Ranum, 62 N.D. 607, 244 N.W. 642, 643, this court used language that would support the plaintiff's contention. It is there said:

"The statute contemplates an affidavit made at or after the time of the filing of the verified complaint."

The affidavit in that case was made seventeen days before the institution of the action and the filing of the complaint and it was there held that such an affidavit does not confer jurisdiction upon the court. Our statutes are silent as to when the affidavit may be sworn to. It is clear that the affidavit must reflect the conditions and must be evidence of the facts that exist at the time of filing the complaint and that an intervening period of seventeen days between the oath and the filing would render the affidavit ineffective as evidence of the facts on the date of filing. On the other hand, we do not believe that the statute contemplates that the acts of swearing to the affidavit and filing the complaint should be coincident. This is not the only court in which this problem has arisen. A number of cases bearing upon the subject have been collected in a note found in 47 L.R.A.,N.S., 499. The validity of such affidavit as a jurisdictional basis for service by publication when made prior to the time of filing or prior to the issuance of an order for publication as is required in some states is generally held to depend upon whether the time which has elapsed is under the circumstances reasonable. Among the circumstances to be considered is whether the affiant lives in the same town or county where the affidavit is to be filed or to be presented to the court. Campbell v. McCahan, 41 Ill. 45. Crombie v. Little, 47 Minn. 581, 50 N.W. 823, 824, was an action to determine the validity of the foreclosure of a mortgage. It was there held that the fact that the affidavit of publication was sworn to six days before the complaint was filed and thirteen days before the first publication was not material. The court said:

"If it be true, as defendants claim, that the affidavit must be sworn to the same day on which the action is commenced, then this must be on the very day of the first publication of the summons; for, except for the purposes of preventing the statute of limitations

from running, an action is commenced by service of the summons, and not, as counsel assumes and as is the case in some states, by filing the complaint and issuing a summons. * * * The rule contended for would be not only contrary to the general understanding and practice, but an unreasonable and exceedingly inconvenient one. In the absence of any provision of statute regulating the matter, we apprehend that all that is necessary is that the affidavit be sworn to within such a reasonably brief time before the publication of the summons that no presumption could fairly arise that the state of facts had changed during the period intervening."

In Leigh v. Green, 62 Neb. 344, 86 N.W. 1093, 1095, 89 Am.St.Rep. 751, the court had before it a challenge to the validity of service by publication in actions to foreclose tax liens. The plaintiff insisted that affidavits for publication were insufficient and the court acquired no jurisdiction because the affidavits were sworn to some two days before the petitions were filed. The court said:

"It is clear that the law must permit some interval to elapse between the making and the filing of the affidavit, because, strictly speaking, the two acts could not be simultaneous. That being true, the only question that can arise is what length of time it will permit to elapse between the two acts. The statute is silent on the subject; hence the inference is warranted that it will permit a reasonable time. Just what will be regarded as a reasonable time this court has not decided. However, in Armstrong v. Middlestadt, 22 Neb. 711, 36 N.W. 151, it was held that an affidavit made one day before the petition was filed was sufficient. But in that case the court expressly disclaims any intention to go beyond the facts, and of holding that an affidavit made several days before the commencement of the action would be sufficient. In our opinion, when the petition is filed within such time after

making the affidavit that no presumption could fairly arise that the state of facts had changed in the interval, it is sufficient. Crombie v. Little, 47 Minn. 581, 50 N.W. 823; Snell v. Meservy, 91 Iowa 322, 59 N.W. 32. Applying this rule to the affidavits in question, we do not believe that any presumption of a change in the state of facts during an interval of two days could fairly arise."

In Whitney v. Knowlton, 33 Wash. 319, 74 P. 469, a motion was made to vacate a default judgment rendered upon the foreclosure of a tax lien, one of the grounds being that the affidavit for publication of summons had not been filed with the clerk of the court until three days after it had been verified. The court held that the delay was not conclusive against the sufficiency of the service.

In Bancroft's Code Practice and Remedies, Section 873, it is said:

"The affidavit should speak with reference to conditions as they exist at the time when it is filed or the application for an order for publication is made. Hence it must be presented or filed within a reasonable time after it is made. In no case should the interval between the making and the filing be so long as to destroy the effect of the affidavit as prima facie evidence of the facts stated and of their existence at the very time the affidavit is sworn to and filed. But jurisdiction attaches although the affidavit is sworn to before the complaint or petition is filed, provided the interval between the two acts is so brief that no presumption can fairly arise of a change in the jurisdictional facts set forth in the affidavit."

In this case we have an affidavit made by an attorney and an officer of the court in Burke County on May 4. He caused it to be filed in the adjoining county of Mountrail on May 7 as evidence of the facts therein recited at the time of filing. The interval of time was not unreasonable under the circumstances and the

affidavit imports verity as of the time it was filed. We cannot say that the interval of three days was sufficient to impugn that verity. The interval does not destroy the effectiveness of the affidavit and render the service by publication and the subsequent judgment based thereon void. It not appearing on the face of this record that the judgment was void, it cannot be attacked collaterally. It is binding on the plaintiff in this action and is a bar to the relief she seeks. That judgment determined defendant Selmer Morken to be the owner of the land and is binding on the court in this action. The judgment appealed from is affirmed.

BURKE, SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.