**Mike LAUINGER, Plaintiff,**

v.

**FLEISCHER–SCHMID CORPORATION,** a foreign corporation, and Tractor Supply Company, a foreign corporation, Defendants.

Civ. No. 3382.

United States District Court
D. North Dakota
Northwestern Division.

May 15, 1957.

Conrad J. Ziegler, of Friederich & Ziegler, Rugby, N. D., for plaintiff, Mike Lauinger.

Robert W. Palda, of Palda, Palda & Peterson, Minot, N. D., for defendant, Fleischer-Schmid Corp.

REGISTER, Chief Judge.

Fleischer-Schmid Corporation, one of the defendants in the above-entitled action, is a foreign corporation, existing under and by virtue of the laws of the State of Nebraska, and has its office and principal place of business in Columbus, Nebraska. Said defendant corporation has entered its special appearance in this action for the purpose of seeking a dismissal of the action on the ground and for the reason that this Court lacks jurisdiction over the person of said defendant. The motion was argued orally before this Court, and thereafter written briefs were duly filed on behalf of both parties.

This action was originally brought in the District Court, Second Judicial District, County of Pierce, State of North Dakota. It was subsequently, by proper petition of the co-defendant Tractor Supply Company, a foreign corporation, removed to this Court. Service upon the defendant Fleischer-Schmid Corporation was attempted by publication, pursuant to the provisions of Chapter 28–06, N.D.R.C., 1943, as amended; such attempted service by publication was completed prior to the removal of the action to this Court.

Section 28–0620, N.D.R.C., 1943, sets forth four cases in which a summons may be served by publication, the second being: "When the defendant is a foreign corporation, joint stock company, or association and has no agent or other person in this state upon whom personal service can be made". It is under this provision that service by publication was sought to be made in this case.

Defendant Fleischer-Schmid Corporation predicates its motion for dismissal upon plaintiff's failure to comply with sub-section (1), Section 28–0621, N.D. R.C., 1943.

Section 28–0621 requires that " * * * before service of the summons by publication is authorized in any case, there shall be filed with the clerk of the district court of the county in which the action is commenced * * * an affidavit stating one of the grounds for service by publication * * , * and also stating, unless the complaint shows: 1. That the defendant has property within this state or debts owing to him from residents thereof." Said sub-section (1) applies to this case; all other sub-sections under Section 28–0621 are inapplicable.

The affidavit referred to in Section 28–0621 failed to contain the required statement, and no allegations meeting the requirements of this statute were contained in the complaint.

Defendant Fleischer-Schmid Corporation's position is that since the plaintiff has at no time, either in his complaint or affidavit for publication, stated that the defendant has property within this state or debts owing to him from residents thereof, Section 28–0621, N.D.R.C., 1943, has not been complied with, and consequently there has been no valid service by publication made upon said defendant.

It is well settled in this state that proceedings for securing service by publication must strictly comply with the statutory provisions relative thereto. Coman v. Williams, 78 N.D. 560, 50 N.W. 2d 494, 499, and cases cited therein. Where service is obtained by publication, statutory provisions for securing such service must be strictly complied with. Bartell v. Morken, N.D., 65 N.W.2d 270, 46 A.L.R.2d 1353.

Plaintiff, in his brief, does not deny that sub-section (1) of Section 28–0621, N.D.R.C., 1943, has not been complied with, but argues that defendant Fleischer-Schmid Corporation was served in "a manner as nearly in accordance with our statutes for service by publication" as possible.

This Court is unable to accept such argument as sound. The statutes are specific in their requirements; an omis-

sion from the affidavit of the allegation hereinbefore quoted, which allegation is required by the statutes of this state, is, in the opinion of this Court, under the decisions of the Supreme Court of the State of North Dakota, fatal, and any service attempted to be secured by such defective process is void.

Plaintiff also argues that, since valid service was made upon co-defendant Tractor Supply Company, a foreign corporation, such service constitutes valid service upon defendant Fleischer-Schmid Corporation, "inasmuch as Tractor Supply is a retailer for and therefore an agent of Fleischer-Schmid".

Section 28–0607 provides that service upon a defendant which is a foreign corporation may be made upon the person in this state designated as its agent for service, or upon " * * * a managing agent thereof, if within the state, doing business for a defendant". Section 28–0608 provides that service may be made upon a foreign corporation without an authorized agent, under certain named conditions, by service upon "any person who shall be found within this state acting as the agent of, or doing business for, such corporation * * *".

Said sections, however, provide certain methods of making *personal* service. Service by publication cannot be effected by service upon "an agent" within this state. It is the understanding of this Court that plaintiff does not contend that service was made on said defendant under either of the sections providing for personal service above referred to, but concedes that if there is jurisdiction over the defendant Fleischer-Schmid Corporation, it is by virtue of such service by publication. Furthermore, an examination of the Sheriff's Return of Service on Tractor Supply Company, a foreign corporation, discloses that service was made on it by serving its agent in this state, and further discloses that such service was made upon it solely as a defendant, and not upon it as agent for any other corporation or person.

For the reasons hereinbefore stated, this Court is of the opinion it does not have jurisdiction of the defendant Fleischer-Schmid Corporation, and therefore the motion for dismissal made by said defendant is hereby granted.